Mrs. Vivian STRODE, Appellant,

v.

Eula Hartman SRYGLEY et vir, Appellees.

No. 16163.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 20, 1961.

Rehearing Denied Feb. 17, 1961.

Frank R. Graves, Fort Worth, for appellant.

Garrett & Garrett and Rufus Garrett, Jr., Fort Worth, for appellee.

MASSEY, Chief Justice.

This is an appeal from a judgment entered for the plaintiffs. Appellant primarily predicates her appeal upon the ground that she was denied a statement of facts upon which she could predicate all the points of error desired to be presented to this court. Subject thereto, appellant predicates additional points of error, the essence of which is to the effect that there was no evidence to support the judgment of the trial court. The latter group of points are based upon a partial statement of facts which appellant was permitted to file in the record under questionable circumstances, in that it was neither approved by the appellees nor the trial judge. Said partial statement of facts was not duly authenticated under the provisions of Texas Rules of Civil Procedure, rule 377. Appellees filed no objections thereto within the thirty day period contemplated by the provisions of T.R.C.P. 404, relative to informalities in the manner of bringing a case into court. It is settled that the failure of the statement of facts to be properly authenticated is one of the informalities contemplated by the rule and that the defect is waived unless objected to within thirty days after it is filed in the appellate court. Pacific Fire Ins. Co. v. Smith, 1947, 145 Tex. 482, 199 S.W.2d 486.

It is observable in the partial statement of facts that there was evidence which supported the judgment. Therefore, the appellant's points of error which contend to the contrary can be overruled, even though it is recognized that she was unable, under the circumstances of this case, to lay before

us the whole of the statement of facts to which she contends she was entitled.

The circumstances were as follows: Trial of the case before the court without a jury commenced on September 9, 1959. Several witnesses testified on this date and the following day. No court reporter was present and no complaint was registered by anyone because of the absence of a reporter. Trial was recessed until February 1, 1960, when it was resumed. At this time the appellees requested that the testimony be reported. Additional testimony was taken and on appeal was reduced to writing in question and answer form. It is this that was filed which we have referred to as a "partial statement of facts". It constitutes the whole of what may be considered in the nature of evidence before us. At the conclusion of the testimony in 1960, the trial court entered its judgment for appellees.

Although she was not required to do so as predicate for the appeal, appellant filed a motion for new trial.

Same was later amended and thereafter overruled by order of the court. It is interesting to note that as of the time the amended motion for new trial was filed appellant was already aware that she was to encounter trouble in obtaining a statement of facts covering the evidence introduced on September 9 and 10, 1959, for in the motion the first ground read in part as follows: " * * * and there being no record of the testimony of the ten witnesses who testified before the Court September 9, 1959, and Counsel for plaintiffs and defendant being wholly unable to agree on what was the testimony of the said ten witnesses and it is impossible to obtain a correct and complete transcript of the testimony of said ten witnesses, the defendant is therefore deprived of a full and complete and correct transcript of the testimony of said witnesses for the purpose of a Statement of Facts for Appeal, * * *." It is further interesting to note that by her 4th, 5th and 6th grounds in the motion appellant

contended that certain findings necessary to be found against her if the judgment was to find support was against the overwhelming weight and preponderance of the evidence.

On April 26, 1960, appellant presented to appellees a copy of the testimony of the witnesses who had testified in September of 1959, according to appellant's version thereof, as a proposed statement of facts to be agreed upon as properly representing the evidence introduced when no court reporter was present. The appellees failed to agree within ten days after being furnished with said copy. The copy was returned to appellant unsigned. Thereupon, on May 9, 1960, appellant filed a written motion for statement of facts in the trial court, including the question and answer portion prepared by the court reporter on the evidence heard in February, 1960, and the appellant's proposed statement of facts which had been rejected by the appellees. The motion concluded with the language, " * * * respectfully shows to the Court that he (appellant's attorney) has diligently and earnestly endeavored to prepare and present a full and complete Statement of Facts for appeal and has been wholly unable to have a Statement of Facts approved and under Rules applicable he prays the Court to settle this matter and that a Statement of Facts be made by him to conform to the truth."

On May 16, 1960, the trial judge gave appellant a bill of exceptions, which recited the facts that she had presented to appellees "32 pages of typewritten matter purporting to be a narrative statement of the testimony of the witnesses presented to the Court in the absence of the Court Reporter; that the plaintiffs and defendant have disagreed upon the said narrative statement of facts and motion was made by Appellant for the Court to prepare a Statement of Facts and the Court has declined to approve the said 32 pages of typewritten matter as the Statement of the testimony presented in absence of the Court Reporter because same is not approved by the parties or their attorneys

and the Court cannot from his memory prepare a Statement of the testimony presented and exceptions taken in the absence of the Court Reporter * * *."

■ All of the foregoing presents a fair statement of the essence of the situation, which is substantially this: A difference arose between the parties in dispute as to whether the copy of the proposed statement of facts of those on one side truly disclosed what occurred in the trial court as applied to that part of the trial which was not reported by the regular court reporter, whereupon the matter was submitted to the trial court or judge thereof to be settled through his act in making the statement of facts conform to the truth. Such is the provision of law in such circumstances according to part (d) of T.R.C.P. 377.

The trial judge found himself unable to resolve the statement of facts and make the same conform to the truth, to which he certified in granting the bill of exceptions.

Thereafter, appellant tendered the whole of the statement of facts desired by her (bound in one volume), along with the transcript, to the Clerk of the Court of Civil Appeals. Under our instructions, the Clerk filed that part of the statement of facts bearing the certificate of the court reporter, but declined to file that part of the statement of facts which was the appellant's proposed statement covering the hearing in September of 1959.

Our concern lies in the matter which might have been presented to us under points of error had the appellant been able to file the whole of the statement of facts she desired rather than in the partial statement of facts she was able to and did file. For example, she necessarily was restricted and unable to contend in this court that the findings supporting the judgment of the trial court were contrary to the great weight and preponderance of the whole of the evidence in the case. She did not attempt to raise such as a point of error in

this court. It appears that it would have been pointless to do so when we could not examine the whole of the evidence and therefore could not rule on such a point.

■ We are of the opinion that an appellant is entitled to a statement of facts under the provisions of part (d) of T.R.C.P. 377 where there was no court reporter, even though he made no complaint of the absence of such reporter as the trial proceeded. Hence, if the opposing party refuses to agree upon the proposed statement of facts prepared and presented to him by the appellant, it is obligatory that the trial court or judge thereof cause the statement of facts to be used on the appeal to conform to the truth. If, by reason of inability to remember the matters necessary to make such statement of facts conform to the truth, the trial judge cannot cause the same to be so corrected, then reversible error is made to appear in those cases where the error is material. If the record shows that an appellant was deprived of a statement of facts which would enable him to present to the appellate courts questions he would be entitled to raise on appeal, the error is material and will necessitate reversal. Johnson v. Brown, Tex.Civ.App. Beaumont, 1948, 218 S.W.2d 317, writ refused n. r. e.

It is true that a litigant who voluntarily goes to trial without the presence of a court reporter takes a "gamble" in respect to the statement of facts upon which he will be forced to rely in the event the decision is against him and he desires to appeal. However, the chance he takes does not include the hazard that he will thereby be compelled to appeal without a statement of facts, for to this he is entitled as a matter of law if he follows the procedure whereby it is obtainable. His only risk is the hazard that the statement of facts upon which he may be forced to rely, in the event it must be obtained pursuant to the provisions of part (d) of T.R.C.P. 377, may not be as favorable to him as would be the case had he insisted upon the services of a court reporter.

642

The fact that we might be enabled to affirm the judgment of the trial court were we privileged to consider the part of the whole statement of facts which appellant was not permitted to file cannot be considered. Our authority does not extend to the right to examine the same or hypothesize any ground for reversal upon which the appellant might have based a point of error if it had been permitted to be filed.

Judgment is reversed and the cause remanded.