**Sharon Ann ROBINSON, Appellant,**

**v.**

**Ross A. ROBINSON, Jr., Appellee.**

**No. 608.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 5, 1972.

Rehearing Denied May 3, 1972.

Writ of Error Granted Oct. 4, 1972.

Mildred H. Meltzer, Vern J. Thrower, Greg W. Thrower, Houston, for appellant.

Samuel F. Biery, Biery, Biery, Davis, Myers & Cater, San Antonio, for appellee.

BARRON, Justice.

This is a child custody case. On November 21, 1966, the plaintiff below, Ross A. Robinson, Jr., was divorced by his then wife, Sharon Ann Robinson, defendant below, by judgment entered and rendered by the District Court of Bexar County, Texas. Custody of their minor child was awarded to Sharon Ann Robinson, with support and visitation privileges awarded to the father at specific times and places.

On August 19, 1970, the father, Ross A. Robinson, Jr., filed his petition in the Domestic Relations Court No. 1 of Harris County for readjudication of custody of said child, Mark Patrick Robinson, whose age at the time was about seven years, naming the mother above as defendant. After hearings before the court, beginning on March 9, 1971 and ending on August 3, 1971, the trial court ruled in favor of the father, and on request, filed findings of

fact and conclusions of law which, among other things, included findings that the mother is not a suitable and proper person to have custody of the child, and that the father is a suitable person. Conclusions that material changes of circumstances since November 21, 1966 had occurred, and that permanent custody of the child should be awarded to his natural father with visitation privileges to the mother were included.

The mother, Sharon Ann Robinson, has appealed urging upon us three points of error, the first and principal point being that the trial court erred in excluding the mother-appellant from hearing and using the testimony of a material male witness, thereby depriving her of the opportunity to cross-examine the witness, in violation of her constitutional right of due process under the federal and state constitutions.

We reverse and remand the judgment below.

While it appears that the trial court was warranted in changing custody based upon the testimony appearing in the statements of fact, we do not have a complete and full statement of facts in this case. The court on March 9, 1971, after hearing testimony offered by both parties, indicated his reluctance to render a judgment until he had heard the testimony of a man alleged to be associated with appellant, who was out of the state at the time and who had not been properly served by subpoena in the case. The hearing was then recessed until the witness desired by the court could be brought in for testimony. When the hearing was resumed on March 19, 1971, a motion was made and was sustained by the trial court to hear testimony out of the courtroom and in the judge's chambers. The record does not show who made the motion. Thereafter the court, the two attorneys of the parties, and plaintiff, Ross A. Robinson, Jr. and his present wife, went to the judge's chambers, where Barbara Jean Robinson, the present wife of appellee, and appellee himself were examined and cross-examined. A record was made by the court reporter of their testimony, full right of cross-examination was afforded as to them, and their testimony appears in the statements of fact. Appellant, however, apparently was not permitted in the judge's chambers while such testimony above was being taken, though her then lawyer was present and had agreed to such procedure. Appellant's original attorney had withdrawn from the case on January 5, 1971, and her trial attorney, a conscientious lawyer, was chosen to represent her through the Houston Legal Foundation. The latter attorney was relieved of her duties after entry of final judgment on August 3, 1971, and appellant's present attorneys° appeared only thereafter beginning with appellant's motion for new trial.

It is clear that the procedure mentioned above in chambers was agreed to by appellant's then attorney, and that the witness whom the court desired to hear and whose testimony was termed "critical" by the court was also examined in the court's chambers, with appellant's then attorney being present, together with the opposing attorney and Mr. and Mrs. Robinson. Appellant was excluded. We do not find any agreement, however, that appellant or appellant's then attorney agreed in any manner to the omission of critical testimony given by the man claimed to be appellant's paramour from the statements of fact on appeal, or that any agreement was made to forego the transcribing of his testimony, which is exactly what occurred. There is no record whatsoever of this man's testimony, either in this record or in any other record reasonably capable of being produced. If, in the event such testimony was or could have been so shocking as to warrant the court's actions, it could at least have been transcribed and lawfully presented to this Court in a sealed envelope or in some other similar manner. But the testimony was not transcribed, so far as we know, though the other testimony was transcribed, and certainly it has not been presented to us. We, therefore, have

no complete statement of facts and none is reasonably possible under the circumstances.

Impliedly at least, appellee contends that an objection should have been made by appellant or her attorney to a failure to transcribe the testimony, or a request should have been made to the trial court to supply the testimony by certification under proper procedures and circumstances. And, of course, it is contended that the error must be brought forward in motion for new trial in a jury case, but this is no jury case. Moreover, the trial court on March 19, 1971, the date of the above occurrences, issued a direct order from the bench that "the attorneys may not reveal the discussion held in chambers." The court's order reasonably appeared to be final so far as appellant was concerned, particularly in view of the fact that she was held in contempt on motion for new trial for "talking back" to the court.

■ In sum, we have no complete statement of facts, and the absence of the testimony of the *main* witness is missing without any real fault on the part of appellant. The appealing party is entitled to a statement of facts and a complete statement of facts if through no fault of her own after the exercise of due diligence she is unable to procure such a statement. If her rights, whether we agree with them or not can be preserved to her in no other manner than by retrial of the cause, a reversal is in order and is necessary. See Victory v. Hamilton, 127 Tex. 203, 91 S.W.2d 697, 699 (Tex.Comm'n App.1936, opinion adopted); State v. Ripke, 426 S.W.2d 599, 603 (Tex. Civ.App.-Corpus Christi 1968, writ ref'd n. r.e.); Strode v. Srygley, 342 S.W.2d 638, 641 (Tex.Civ.App.-Fort Worth 1961, writ ref'd n.r.e.); 3 Tex.Jur 2d Appeal and Error-Civil Sec. 487, pp. 732–734 (1959). Appellant assigned in her motion for new trial grounds that the evidence was insufficient to establish a material change of conditions, and that there was no evidence to support the trial court's judgment, in addition to the point above upon which our de-

cision is based. And while we might not agree with appellant concerning what we have read in the statements of fact, the record here could not possibly contain a correct and a complete statement of facts. See and compare Englander Co. v. Kennedy, 428 S.W.2d 806 (Tex.Sup.1968).

■ However, the case of Harris v. Lebow, 363 S.W.2d 184 (Tex.Civ.App.-Dallas 1962, writ ref'd n.r.e.), and cases cited, hold that when an appellant makes no effort to obtain a statement of all the evidence as provided by Rule 377, Texas Rules of Civil Procedure which authorizes the filing of a statement of facts made up by a party, or by the trial court if the parties fail to agree, in spite of a failure of the court reporter to transcribe the involved testimony, appellant cannot be without fault or neglect. In this particular case, where the trial court's order as above was clear and in no uncertain terms, we hold that the above failure, under the particular circumstances of this case as outlined above, is understandably excused and that the above authorities are not applicable. See Fontaine v. Fontaine, 325 S.W.2d 428, 432 (Tex.Civ.App.-Dallas 1959, no writ); Dean v. Cone, 270 S.W.2d 242, 245 (Tex.Civ.App.-Dallas 1954, no writ). In any event, we do not believe that the appellant received a fair trial, regardless of the trial court's intentional efforts to give her one and regardless of his sincerity in this case.

Moreover, we believe that under the circumstances, to hold otherwise would be to contravene fundamental fairness and to violate Due Process Clauses of the Texas and the United States Constitutions. See Art. I, Sec. 19, Vernon's Ann.St., Tex. Const., U.S.Const., Amend. XIV, Due Process Clause.

Therefore, we reverse and remand the case for a new trial, at appellee's cost. Custody shall temporarily remain, pending another trial, as it exists at the present time pursuant to the attempted final orders of the trial court below.