Ross A. **ROBINSON,** Jr., Petitioner,

v.

Sharon Ann **ROBINSON,** Respondent.

No. B–3414.

Supreme Court of Texas.

Nov. 22, 1972.

Biery, Biery, Davis & Myers, Samuel F. Biery, San Antonio, for petitioner.

Vern J. Thrower & Associates, Greg W. Thrower and Kathleen D. Keenan, Houston, for respondent.

WALKER, Justice.

This is a child custody case. When the parties were divorced on November 21, 1966, custody of their minor child was awarded to the mother, who is our respondent. The present suit was instituted four years later by the father, Ross A. Robinson, petitioner, alleging a change of circumstances and praying that he be granted custody of the child. After a trial before the court without a jury, judgment was entered awarding custody to petitioner. The Court of Civil Appeals reversed the trial court's judgment and remanded the cause for a new trial. 485 S.W.2d 288. We reverse the judgment of the Court of Civil Appeals and affirm that of the trial court.

The Court of Civil Appeals concluded that the trial was materially unfair and that respondent was denied procedural due process in that: (1) respondent "apparently" was not permitted to be present when petitioner, his present wife and another person, hereinafter referred to as the third witness, testified in the judge's chambers; (2) the testimony of the third witness was not recorded by the court reporter and does not appear in the statement of facts; (3) counsel for both parties were instructed by the trial court not to reveal the "discussion" held in chambers; and (4) respondent was thus deprived of an opportunity to bring forward a complete statement of facts. We do not agree.

The initial hearing in the trial court was held on March 8, 1971. In the course of that hearing, respondent admitted an illicit relationship with the third witness, a married man believed by respondent to be the father of a child born to her out of wedlock in 1969. She also testified that he had proposed marriage to her and that she expected to marry him as soon as he and his present wife were divorced. At the conclusion of the first hearing, the trial judge expressed a desire to hear the testimony of the third witness.

When the third witness appeared on March 19, 1971, his testimony was heard in chambers. According to the certificate of the trial judge and a stipulation appearing in the statement of facts, the hearing was conducted in chambers at the request of and by agreement of counsel. The certificate of the trial judge further states that those present during the examination of the third witness were the witness, counsel for both parties and the judge. We find nothing in the record to support the conclusion of the Court of Civil Appeals that petitioner and his present wife also heard the testimony of the third witness. Even if they did, this circumstance is not of material importance to the disposition of the appeal.

Counsel for both parties were present when the third witness testified and were afforded an opportunity to interrogate the witness. Petitioner and his wife then testified in chambers concerning their conversations with the third witness, and counsel for respondent was allowed to cross-examine them. Their testimony was recorded by the court reporter and appears in the statement of facts, but no record was made of the testimony given by the third witness.

Respondent did not object to the in-chambers hearing or to its being conducted while she was absent. As a matter of fact, there is nothing in the record to suggest that she or her counsel wished her to be present. It does not appear that any request was made for the court reporter to record the testimony of the third witness or that any objection was made to his failure to do so. In our opinion the hearing of testimony in the presence of counsel for all parties but while one of the parties and the court reporter are absent is not so fundamentally erroneous or unfair as to re-

quire a reversal in the absence of objection or exception.

Respondent argues that her "exclusion" from the hearing coupled with the trial court's instruction that the attorneys should not reveal the discussion held in chambers so restricted her right of cross-examination as to constitute a denial of due process. There is no merit in this contention, because we do not presume error or harm. The instruction of the trial court was given in open court after the conclusion of the hearing in chambers. Since the interrogation of the witness had been completed, it seems likely that counsel had already obtained any information considered necessary for proper cross-examination. If further information was needed and could not be obtained without violating the instruction, counsel should have requested a modification of the order. In the absence of such a request, and none was made here, there is no basis for believing that respondent was deprived of a fair opportunity to develop the facts in the trial court.

Respondent also says that she was unable to obtain a complete statement of facts, because: (1) she was not present at the in-chambers hearing; (2) no record was made of the evidence given by the third witness; and (3) respondent's trial attorney was ordered not to discuss the in-chambers testimony with respondent. We agree that respondent was entitled to a complete statement of facts. If an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way. See Victory v. Hamilton, 127 Tex. 203, 91 S.W.2d 697; Pacific Greyhound Lines v. Burgess, Tex. Civ.App., 118 S.W.2d 1100 (wr. ref.); State v. Ripke, Tex.Civ.App., 426 S.W.2d 599 (wr. ref. n. r. e.); Harris v. Lebow, Tex.Civ.App., 363 S.W.2d 184 (wr. ref. n.

r. e.); Strode v. Srygley, Tex.Civ.App., 342 S.W.2d 638 (wr. ref. n. r. e.).

As previously indicated, petitioner made no objection or request concerning the absence of the court reporter while the third witness was testifying. She is not in position to complain, therefore, of her inability to obtain a transcript of the testimony in question and answer form. Under our Rules of Civil Procedure she was entitled to file a statement of the witness' testimony made up by the parties. If the parties are unable to agree, it is contemplated that their differences will be submitted to and settled by the trial judge. See Rule 377, paragraphs (a) and (d), Texas Rules of Civil Procedure.

Respondent insists that she had no way to prepare a statement of the testimony since she was not present at the in-chambers hearing and the lawyer who represented her in the trial court was instructed not to reveal the "discussion" held in chambers. We do not agree for two reasons. In the first place, it is not clear that the instruction had reference to the testimony of the third witness. We have a statement prepared by the court reporter in question and answer form setting out the evidence given by petitioner and his present wife during the in-chambers hearing. This suggests that the "discussion" mentioned in the instruction was some conversation other than questions propounded to and the answers of witnesses. In the second place, respondent should have requested a modification of the instruction if it prevented her furnishing a complete statement of facts. The record does not indicate that she made any effort whatsoever to bring forward the testimony of the third witness. There is no showing of diligence on her part or that she even wished to obtain a record of the missing evidence, and it cannot be said that she was wrongfully deprived of a complete statement of facts.

In our opinion the record does not support the conclusion that the trial was mate-

rially unfair or that respondent has been denied procedural due process. She had two other points of error in the Court of Civil Appeals, but neither of them warrants a reversal of the trial court's judgment. The judgment of the Court of Civil Appeals is accordingly reversed and that of the trial court is affirmed.

McGEE, J., notes his dissent.