Keith Woodley, Sudderth, Woodley & Dudley, Comanche, for petitioner.

Darrell E. Haynes, Brownwood, for respondent.

**Frank Odis ROGERS, Petitioner,**

v.

**Teri Lyn ROGERS, Respondent.**

**No. 12555.**

Court of Civil Appeals of Texas, Austin.

April 13, 1977.

Rehearing Denied April 27, 1977.

SHANNON, Justice.

This cause is in this Court by writ of error from the judgment of the district court of Mills County.

Respondent, Teri Lyn Rogers, filed suit for divorce against petitioner, Frank Odis Rogers. Petitioner had not filed an answer by trial time and did not appear at trial in person or by counsel. The transcript does show that counsel for petitioner had been in correspondence with the court prior to trial. After hearing, the district court on May 27, 1976, entered judgment dissolving the marriage; dividing the community property; appointing respondent managing conservator and petitioner possessory conservator of the minor child of the parties; and ordering petitioner to pay child support.

The court reporter did not attend the hearing and, of course, did not take notes of the oral testimony offered at trial. As a result, petitioner was unable to obtain a

statement of facts for this proceeding by writ of error.

Petitioner's inability to obtain a statement of facts forms the basis for his single point of error.

Prior to its amendment, Tex.Rev.Civ. Stat.Ann. art. 2324 (1971) required the court reporter "[to] attend all sessions of the court" and to take full shorthand notes of all oral testimony offered. In *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312 (Tex.Civ.App.1975, writ ref'd), the Dallas Court of Civil Appeals considered the problem of the inability of a party to obtain a statement of facts wherein a default judgment had been entered and the court reporter had not taken notes of the oral testimony. Justice Guittard, for the court, wrote that by the terms of Art. 2324 it was the mandatory duty of the court reporter to attend the hearing and take notes; that the failure of the reporter to perform his mandatory duty should not deprive a party of his right to an adequate review on appeal; and that the trial court had the responsibility to see that the court reporter performed that duty. A further holding in *Morgan Express, Inc.,* was that the defaulting party is not required to show that he was unable to obtain a statement of facts by agreement of counsel or by certification from the trial court. Because the Supreme Court refused application for writ of error the principles of law announced in *Morgan Express, Inc.,* are considered as having been correctly determined.

Other Courts of Civil Appeals have followed *Morgan Express, Inc.* See *Wallace v. Snyder National Bank,* 527 S.W.2d 485 (Tex.Civ.App.1975, no writ), *Hall v. C–F Emp. Credit Union,* 536 S.W.2d 266 (Tex. Civ.App.1976, no writ).

Texas Rev.Civ.Stat.Ann. art. 2324 was amended effective May 27, 1975, to provide that the court reporter shall *"upon request"* attend all sessions of the court and take full shorthand notes of all oral testimony offered in cases tried in the court. Plainly, the amendment of Art. 2324 eliminated the basis for the holding in *Morgan Express, Inc.* Article 2324, as amended, no longer

places a mandatory duty upon the court reporter to attend all sessions of court and to take notes of the oral testimony offered, but instead the court reporter is burdened with that duty only after request of counsel or a party.

The most recent Supreme Court authority is *Smith v. Smith,* 544 S.W.2d 121 (Tex. 1976). *Smith* was a divorce case which was taken to the Beaumont Court of Civil Appeals by way of writ of error. In that case the husband filed pleadings, but did not appear in person or by counsel at the trial on the merits. The domestic relations court entered an order granting the divorce, naming the wife managing conservator of the minor child of the parties, and dividing the property. The court reporter did not attend the divorce proceeding and, of course, took no notes of the oral testimony. One appellate position of the husband was that his inability to obtain a statement of facts entitled him to a reversal of the judgment. The Supreme Court agreed with that position and reversed the judgments of the lower courts and remanded the cause for trial.

As authority for its position the Supreme Court in *Smith* referred to general language in *Robinson v. Robinson,* 487 S.W.2d 713 (Tex.1972), to the effect that if an appealing party exercised due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, a new trial may be required where his right to have the case reviewed on appeal can be preserved in no other way. In *Robinson,* the domestic relations court required that the testimony of one witness be taken in chambers. Counsel for the complaining party was present in chambers when the witness testified though the reporter was not present and did not take notes of the witness's testimony. No request was made for the court reporter to take the testimony and no objection was made to the failure of the reporter to be present and take the testimony. The *holding* in *Robinson* was that because the party made no objection or request concerning the absence of the court reporter while the

witness was testifying, the party was ". . not in a position to complain, therefore, of her inability to obtain a transcript of the testimony in question and answer form." The holding in *Robinson* is in accord with the general rule that it is the duty of the party or his counsel to request the presence of the reporter and if such request is not made, the right may be waived. See *Brady v. Brady,* 255 S.W.2d 585 (Tex.Civ.App.1953, no writ). *Robinson* has been followed in many cases. *Whatley v. Whatley,* 493 S.W.2d 299 (Tex.Civ.App.1973, no writ), *Phillips v. Phillips,* 532 S.W.2d 161 (Tex.Civ. App.1976, no writ), *Bledsoe v. Black,* 535 S.W.2d 795 (Tex.Civ.App.1976, no writ), *Wilkinson v. Evans,* 515 S.W.2d 734 (Tex. Civ.App.1974, writ ref'd n. r. e.).

The opinion in *Smith,* other than referring to general language in *Robinson,* does not set out the specific basis for the reversal of the judgment on account of the inability of the husband to obtain a statement of facts. The Supreme Court in *Smith v. Smith, supra,* did not refer to Art. 2324 before or after amendment, nor did the Court refer to *Morgan Express, Inc.*

*On its face, Smith v. Smith, supra,* cannot be reconciled with Art. 2324, as amended. Article 2324, as amended, imposes a duty upon the court reporter to attend and take notes of oral testimony only "upon request" of a party or his counsel. An absent party cannot invoke that duty since he obviously cannot request the reporter to take the testimony. One may speculate that the Court reached the result in *Smith* by an inferential determination that the absent party's right to a question and answer statement of facts is accorded by "due course of the law." Tex.Const. art. I, § 19.

That notion is little more than surmise, however, since the briefs submitted in *Smith* show no constitutional attack was leveled against Art. 2324.

An examination of the transcript in *Smith v. Smith, supra,* shows that the trial was conducted and the judgment was entered before the amendment to Art. 2324 became effective. The amended statute became effective on May 27, 1975, and the judgment of the domestic relations court was signed on April 16, 1975. We have, therefore, concluded that the basis for reversal in *Smith* was that the pre-amendment provisions of Art. 2324 were applicable and, as such, the reporter had the mandatory duty to attend the hearing and take the oral testimony, and that the trial court had the responsibility to see that the court reporter performed that duty. *Morgan Express, Inc. v. Elizabeth-Perkins, Inc., supra.*

■ Because *Smith* was decided under Art. 2324, before amendment, *Smith* does not control the disposition of the case at bar. In our view, Art. 2324, as amended, requires that the judgment of the district court be affirmed, for the reason that the court reporter in the case at bar was not requested to take notes of the oral testimony and, as a result, had no duty to do so.

The judgment is affirmed.

Affirmed.