**BLUE CROSS–BLUE SHIELD OF TEXAS, Appellant,**

v.

**Leonor Solitaire DAVIDSON, Appellee.**

**No. 1339.**

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 2, 1978.

Michael G. Mullen, Brown, Maroney, Rose, Baker & Barber, Austin, for appellant.

Lee Arnett, Brownsville, for appellee.

## OPINION

BISSETT, Justice.

The question presented by this appeal is whether Blue Cross-Blue Shield of Texas, defendant-appellant, who was not present at the trial, is entitled to a reversal of the trial court's judgment due to its inability to obtain a statement of facts prepared by the court reporter where the defendant did not request the reporter to prepare a question and answer statement of facts at the trial of the case. We answer that question in the affirmative.

Leonor Solitaire Davidson filed suit against Blue Cross-Blue Shield of Texas to collect medical bills allegedly due her on a medical insurance policy issued by the defendant. No jury was requested, and the case proceeded to trial before the court. Neither the defendant Blue Cross-Blue Shield nor its counsel was present at the trial. Judgment was rendered for Leonor Solitaire Davidson in the amount of $439.65 for benefits due under the policy, $750.00 for attorney's fees, and $52.75 as a penalty, plus costs and interest. Defendant has appealed.

Plaintiff's original petition was filed on November 7, 1974. Defendant's attorney, Mr. Sam V. Stone, Jr., filed an original answer on December 2, 1974. Mr. Franklin Ace Pickens, an attorney at law, subsequently assumed the defense of this case, and on July 11, 1975, was notified by plaintiff's attorney that the case was set for trial on July 29, 1975. Mr. Pickens filed a first amended original answer on behalf of defendant and appeared in court on the day appointed and announced ready for trial. Plaintiff filed a motion for continuance, which was granted.

On August 17, 1977, an order was entered which advised all parties that the case had "been placed on the Drop Docket." A notice thereof was mailed to Mr. Stone, but not to Mr. Pickens. A motion to reinstate was filed on September 6, 1977 by plaintiff's attorney, and an order to that effect was rendered on the same date. The order further advised the parties that the case was set for trial on November 21, 1977. A copy of the order was mailed to Mr. Stone, but Mr. Pickens was not so notified. On November 23, 1977, plaintiff, with leave of court, filed a supplemental petition. Neither defendant nor Mr. Pickens received a copy thereof, and the record does not show that plaintiff's counsel mailed a copy of the supplemental petition to Mr. Pickens.

As already noted, defendant's attorney did not appear when the case was called for

trial on November 21, 1977, nor did he appear on November 23, 1977, when the case was actually tried. The judgment recites that the court heard evidence. Defendant filed a motion for new trial, which was overruled.

Defendant, subsequent to the rendition of judgment, requested a statement of facts from the court reporter. The same, however, could not be prepared since a court reporter, not having been requested to attend the trial, was not present at the trial. The record on appeal consists of the transcript, duly prepared by the County Clerk, and a stipulation, signed by counsel for both parties and filed in this Court. The stipulations which affect this appeal read, as follows:

"1. No Court Reporter was present during the trial of this cause.

2. No official Court Reporter has been appointed by the County Court at Law of Cameron County, Texas.

3. Upon request of either party the Judge of the County Court at Law of Cameron County, Texas will appoint a Court Reporter to perform the duties of a Court Reporter at any trial.

4. Neither party requested that a Court Reporter be appointed for the trial of this cause.

5. No exhibits were formally marked or introduced in evidence upon the trial of this cause, but the trial judge took notice of all papers on file in the cause."

The Supreme Court, in *Robinson v. Robinson,* 487 S.W.2d 713 (Tex.Sup.1972), stated that if an appealing party exercised due diligence and through no fault of his own was unable to obtain a proper record of the evidence introduced, a new trial may be required where his right to have the case reviewed on appeal can be preserved in no other way. In *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312, 314 (Tex.Civ.App.—Dallas 1975, writ ref'd), it was held:

"If the appellant was not present and was not represented by counsel when the testimony was taken, and later discovers that no record was made, the lack of a record cannot reasonably be deemed waived . . . ."

A year after *Morgan Express* was decided, the Supreme Court, in *Smith v. Smith,* 544 S.W.2d 121 (Tex.Sup.1976) reaffirmed the rule enunciated in *Robinson.*

Here, plaintiff contends that the rules announced in *Robinson* and in *Morgan Express,* were, in a manner of speaking, overruled by the Legislature in 1975, when Tex. Rev.Civ.Stat.Ann. art. 2324 (Supp.1978) was amended, effective May 27, 1975. Before the amendment, the statute required an official court reporter to attend "all sessions of the court," and to take full shorthand notes of all testimony offered. After the effective date of the amendment, it was provided that an official court reporter shall "upon request" attend all sessions of the Court and take full shorthand notes of all testimony offered. Plaintiff argues that this statute changed the prior case law regarding appeals from judgments where appellant is unable to obtain a statement of facts, because that law was based on the mandatory nature of art. 2324. According to plaintiff's reasoning, now that court reporters attend court sessions only if requested to do so, a defendant must be deemed to have waived any right to a question and answer statement of facts if he failed to timely request a court reporter.

Plaintiff's contention, argument and reasoning is refuted by the recent Supreme Court decision in *Rogers v. Rogers,* 561 S.W.2d 172 (Tex.Sup.1978). In that case, a default judgment was rendered in a divorce action where a court reporter was not requested to be present at the trial and a statement of facts was not prepared by the reporter. The Austin Court of Civil Appeals (549 S.W.2d 471 [1977]) held that art. 2324, as amended in 1975, did not impose a duty on the trial court to require a court reporter to attend the trial and record the testimony of the witnesses, absent a request to do so. For that reason, the judgment of the trial court was affirmed, since the court reporter was not requested to take notes of the testimony and did not do so. The Su-

preme Court, in reversing the decision by the Court of Civil Appeals, said:

"However, the Court of Civil Appeals misapprehends the purport of *Smith* as it rests upon neither Art. 2324 nor Family Code § 11.14(d). The *Smith* opinion applies and reaffirms the rule in *Robinson v. Robinson,* 487 S.W.2d 713 (Tex.1972), that says: '. . . if an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way.' The facts stated and the previous discussion disclose the conflict of the Court of Civil Appeals decision with *Smith* and that Mr. Rogers' right to proper appellate review, due to no fault on his part, can be preserved only by a new trial."

Plaintiff, however, seeks to distinguish *Rogers* from the case at bar in that the language used by Justice Chadick in the opinion indicating that the 1975 amendment to art. 2324 did not change existing case law is mere obiter dicta. Her grounds for that position are: first, the Supreme Court's approval of the *Robinson* and *Morgan Express* rules was made solely in the context of determining whether the Supreme Court had appellate jurisdiction over a divorce action; and, second, the amendment to art. 2324 was insignificant to the decision, because Tex.Fam.Code, § 11.14(d) (1975) still required court reporters to attend all suits affecting the parent-child relationship unless such attendance is waived. These reasons are not persuasive.

■ This Court does not consider any statement made by our Supreme Court in its opinion to be dicta. Moreover, the 1975 amendment to the aforesaid statute did not change the rules laid down in *Robinson* and in *Morgan Express.* We read the Supreme Court's decision in *Rogers* as plainly holding that a defendant cannot be deemed to have waived the preparation of a question and answer statement of facts by a court reporter where the defendant, through no fault of his own, did not appear at the trial and judgment has been rendered against him. His right to a proper appellate review

under those circumstances can be preserved only by a new trial.

This Court, in deciding *Garcia v. Kelly,* 565 S.W.2d 112 (Tex.Civ.App.—Corpus Christi 1978, no writ), relied upon the holding of our Supreme Court in *Rogers.* See also *Minyard v. Southern Pipe & Supply Co., Inc.,* 563 S.W.2d 332 (Tex.Civ.App.—Dallas 1978, no writ), where the Court of Civil Appeals held that the 1975 amendment to art. 2324 did not modify the rule set forth in *Morgan Express,* and expressly stated that its holding is supported by *Rogers.*

■ Under the circumstances here presented, we hold that the failure by defendant to request that a court reporter attend the trial and record the testimony of the witnesses, the objections to the admissibility of evidence, the rulings by the court and objections or exceptions thereto, was not due to defendant's fault or lack of diligence. Since it is unable to obtain a court reporter's record of the evidence adduced at the trial, a new trial is required; its right to have the case reviewed on appeal can be preserved in no other way.

The judgment of the trial court is REVERSED and the cause is REMANDED for a new trial.