Ryan Barganier v. SaddleBrook Apartments
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-285-CV

     RYAN BARGANIER,
                                                                              Appellant
     v.

     SADDLEBROOK APARTMENTS,
                                                                              Appellee
 

From the County Court at Law No. 2
McLennan County, Texas
Trial Court # 2001-0154-CV2
                                                                                                                

CONCURRING OPINION
                                                                                                                

      I believe this case is resolved by a straightforward application of Texas Commerce Bank, Nat’l
Assn. v. New, 3 S.W.3d 515 (Tex. 1999). Thus, I would address the issues somewhat differently.
Did the Court Hear Evidence Before Granting Default Judgment?
      “If the cause of action is unliquidated or be not proved by an instrument in writing, the court
shall hear evidence as to damages and shall render judgment therefor . . . .” Tex. R. Civ. P. 243. 
In New, the Supreme Court held that affidavits may constitute evidence of unliquidated damages
as required by Rule 243. Id. at 517.



      In that case, Texas Commerce Bank (“TCB”) moved for default judgment against two
defendants, New and Pacheco, in a fraud and breach-of-contract case related to a check-kiting
scheme. Id. at 515. Attached to its motion for default judgment were two affidavits generally
describing the check-kiting scheme and a third affidavit discussing attorney’s fees. New v. Texas
Commerce Bank, Nat’l Assn., 971 S.W.2d 711, 712 (Tex. App.—Austin 1998), rev’d, 3 S.W.3d
515 (Tex. 1999). No oral testimony was taken at the hearing on the default judgment, and no
reporter’s record was made. Id.; New, 3 S.W.3d at 517. The court rendered default judgment
in favor of TCB, and New and Pacheco appealed. New, 971 S.W.2d at 712.
      On appeal, New and Pacheco asserted, inter alia, that the trial court abused its discretion in
awarding damages and attorney’s fees because: (1) no reporter’s record of the default-judgment
proceeding was made; and (2) no evidentiary hearing was held pursuant to Texas Rule of Civil
Procedure 243 to determine unliquidated damages. Id. The court of appeals reversed, reasoning
that: (1) the affidavits were inadmissible hearsay; and (2) a court does not hold “an evidentiary
hearing merely by accepting the affidavits attached to the motion.” New, 3 S.W.3d at 517. The
Supreme Court concluded that the court of appeals was incorrect. The Court explained that
“because unobjected to hearsay constitutes probative evidence, [affidavits may satisfy] the
requirement of Rule 243 that there be evidence of unliquidated damages.” The Court held that
the trial court did not err when it considered the affidavits in rendering its default judgment. Id.
      The majority finds that it is the “deliberative process, even if engaged in by the trial court in
chambers” that satisfies Rule 243's requirement that the “court shall hear evidence”. Tex. R.
Civ. P. 243. I find this extension of the holding in New to be unnecessary. The Austin Court of
Appeals opinion in New indicates that a hearing was held, but that no oral testimony was taken. 
New, 971 S.W.2d at 712. In that context, I believe that the Supreme Court’s opinion stands for
the proposition that because affidavits, like other unobjected-to hearsay, may be considered for
their probative value, they may be adequate evidence of unliquidated damages, even in the absence
of oral testimony. I do not believe that the Supreme Court intended that a judge’s solitary
deliberations are an adequate substitute for a hearing, as the majority in this case implies, because
that situation does not appear to have been presented in New.
      This case is factually analogous to the situation in New. Saddlebrook moved for a default
judgment against Barganier in a breach-of-contract case. Filed contemporaneously with its motion
for default judgment were two affidavits: one described the circumstances of the breach of
contract, and the other discussed attorney’s fees.


 Although the default judgment recites that a
hearing was held,


 there is no record of oral testimony being taken at the hearing. The court
entered default judgment in favor of Saddlebrook. Following the logic of New, I conclude that
the court did not err when it considered the affidavits in rendering the default judgment. Id.
Can the Judgment Survive a “No-Evidence” Challenge?
      Barganier next contends that there was no evidence to support the default judgment because
the affidavits should not have been considered. Having found that it was not error for the court
to consider the affidavits, I agree that Saddlebrook presented more than a scintilla of evidence to
support the judgment. See Holt Atherton Indus., Inc. v. Heine, 835 S.W.2d 80, 84 (Tex. 1992).
Was the Evidence Sufficient to Support the Judgment?
      Barganier’s third issue asserts that even if the affidavits were properly considered, they were
insufficient to support the judgment. Affidavits can constitute evidence of unliquidated damages
to support a default judgment. New, 3 S.W.3d at 517. In New, the Court held that the affidavits
were legally sufficient to support the court’s award because they averred that the affiant had
personal knowledge of the facts, described the scheme that resulted in the bank’s loss, and
identified the total amount owed on the account. Id. In this case, Zidell’s affidavit shows that he
had personal knowledge of the stated facts, that Saddlebrook attempted to collect the amount owed
from Barganier but was unsuccessful, and that Barganier owed Saddlebrook $14,509.98. 
Therefore, I agree that the evidence is factually sufficient.
Does the Lack of a Reporter’s Record Require Reversal of the Judgment?
      Finally, Barganier prays for reversal of the judgment on the ground that there was no
reporter’s record. In some cases, the lack of a reporter’s record may entitle a defendant to a new
trial because he will be unable to obtain some record of the evidence for review by an appellate
court. See Rogers v. Rogers, 561 S.W.2d 172, 173 (Tex. 1978); see also Robinson v. Robinson,
487 S.W.2d 713, 715 (Tex. 1972). But the affidavits in this case are part of the clerk’s record,
and having found that the affidavits were sufficient to support the judgment, I would simply hold
that the lack of a reporter’s record does not require reversal of the judgment. See New, 3 S.W.3d
at 517.
 
BILL VANCE
                                                             Justice

Concurring opinion delivered and filed March 26, 2003