JIM F. HUFFINE V. BANK OF AMERICA, N.A.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-268-CV

JIM F. HUFFINE APPELLANT

V.

BANK OF AMERICA, N.A. APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Jim F. Huffine brings a restricted appeal from a default judgment against him on a line of credit account in favor of Bank of America, N. A., in the amount of $100,000, plus interest and attorneys fees.  Huffine contends in two issues that the evidence is factually insufficient to support the default judgment against him because an exhibit attached to an affidavit has neither a signed agreement for his business, American Auto Sales, Inc., nor a guaranty signed by him, and that the Bank's pleading only seeks relief aggregating $50,000 or less.  He also asks this court to reverse the trial court’s order compelling answers to post-judgment interrogatories and production of documents.  We affirm.

A restricted appeal is available for the limited purpose of providing a party who did not participate at trial with the opportunity to correct an erroneous judgment.
  In re E.K.N.,
 24 S.W.3d 586, 590 (Tex. App.—Fort Worth 2000, no pet.) (citing 
Tex. R. App. P.
 30).  The elements necessary to directly attack a judgment by a restricted appeal are:  (1) the appeal must be brought within six months after the trial court signed the judgment; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted in the judgment complained of; (4) who did not timely file a post-judgment motion or request for findings of fact and conclusions of law or a notice of appeal; and (5) the error complained of showing the invalidity of the judgment must be apparent on the face of the record.  
Id.

Huffine contends in issue one that the evidence is insufficient to support the default judgment against him because an exhibit attached to an affidavit has neither a signed agreement for his business, American Auto Sales, Inc., nor a guaranty signed by him.  Because Huffine has brought us no reporter’s record, we must presume that the evidence presented to the trial court was sufficient to support the judgment.  
Simon v. York Crane & Rigging Co.
, 739 S.W.2d 793, 795 (Tex. 1987).  The record contains no indication that a hearing was not held in connection with the default judgment or that a reporter’s record was unavailable to Huffine through no fault of his own.  
See Robinson v. Robinson
, 487 S.W.2d 713, 715 (Tex. 1972).  We overrule issue one.

Huffine urges in issue two that the trial court erred in entering a judgment against him in the amount of $100,000, plus fees and interest, when the Bank’s petition was seeking monetary relief aggregating $50,000 or less.  While it is true that the Bank’s First Amended Original Petition alleged that, “Bank affirmatively pleads that it seeks monetary relief aggregating $50,000 or less, excluding costs, prejudgment interest and attorney’s fees,” the pleading also alleges, “After all offsets and credits have been allowed, the sum due on the Account is $100,000, plus interest from the date of June 22, 2000, at the rate of 11.75% per annum, as permitted by the Account.  Bank sues to recover such sums.”  Consequently, the Bank’s pleading, although internally inconsistent, does contain an allegation in support of the amount awarded to the Bank in the judgment.  The record does not reflect any effort on Huffine’s part to clarify which of the two inconsistent amounts the Bank was seeking.  

Huffine only brings to our attention the allegation seeking $50,000 or less.  Inasmuch as he does not mention the Bank’s allegation that it is seeking over $100,000, he makes no argument that the judgment is not supported by the Bank’s pleading, when it is considered as a whole, nor does he present any authority in support of such a contention.  Consequently, nothing is presented for review with respect to this issue.  
Tex. R. App. P.
 38.1(h).  We overrule issue two.  

Huffine contends that the trial court should not have entered an order compelling answers to post-judgment interrogatories and production of documents because he should not have been included in the judgment.  Because we have overruled both of Huffine’s issues questioning the validity of the judgment against him, we decline to reverse the order compelling answers to post-judgment interrogatories and production of documents.  

The judgment is affirmed.  

PER CURIAM

PANEL F: JOHN HILL, J. (Retired, Sitting by Assignment); LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  July 24, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.