COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-268-CV
 
JIM F. HUFFINE                                                              
        APPELLANT
V.
BANK OF AMERICA, N.A.
                                                           APPELLEE
------------
FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Jim F. Huffine brings a restricted
appeal from a default judgment against him on a line of credit account in favor
of Bank of America, N. A., in the amount of $100,000, plus interest and
attorneys fees. Huffine contends in two issues that the evidence is factually
insufficient to support the default judgment against him because an exhibit
attached to an affidavit has neither a signed agreement for his business,
American Auto Sales, Inc., nor a guaranty signed by him, and that the Bank's
pleading only seeks relief aggregating $50,000 or less. He also asks this court
to reverse the trial court's order compelling answers to post-judgment
interrogatories and production of documents. We affirm.
A restricted appeal is available
for the limited purpose of providing a party who did not participate at trial
with the opportunity to correct an erroneous judgment. In re E.K.N., 24
S.W.3d 586, 590 (Tex. App.--Fort Worth 2000, no pet.) (citing Tex. R. App. P.
30). The elements necessary to directly attack a judgment by a restricted appeal
are: (1) the appeal must be brought within six months after the trial court
signed the judgment; (2) by a party to the lawsuit; (3) who did not participate
in the hearing that resulted in the judgment complained of; (4) who did not
timely file a post-judgment motion or request for findings of fact and
conclusions of law or a notice of appeal; and (5) the error complained of
showing the invalidity of the judgment must be apparent on the face of the
record. Id.
Huffine contends in issue one that
the evidence is insufficient to support the default judgment against him because
an exhibit attached to an affidavit has neither a signed agreement for his
business, American Auto Sales, Inc., nor a guaranty signed by him. Because
Huffine has brought us no reporter's record, we must presume that the evidence
presented to the trial court was sufficient to support the judgment. Simon
v. York Crane & Rigging Co., 739 S.W.2d 793, 795 (Tex. 1987). The
record contains no indication that a hearing was not held in connection with the
default judgment or that a reporter's record was unavailable to Huffine through
no fault of his own. See Robinson v. Robinson, 487 S.W.2d 713, 715
(Tex. 1972). We overrule issue one.
Huffine urges in issue two that the
trial court erred in entering a judgment against him in the amount of $100,000,
plus fees and interest, when the Bank's petition was seeking monetary relief
aggregating $50,000 or less. While it is true that the Bank's First Amended
Original Petition alleged that, "Bank affirmatively pleads that it seeks
monetary relief aggregating $50,000 or less, excluding costs, prejudgment
interest and attorney's fees," the pleading also alleges, "After all
offsets and credits have been allowed, the sum due on the Account is $100,000,
plus interest from the date of June 22, 2000, at the rate of 11.75% per annum,
as permitted by the Account. Bank sues to recover such sums." Consequently,
the Bank's pleading, although internally inconsistent, does contain an
allegation in support of the amount awarded to the Bank in the judgment. The
record does not reflect any effort on Huffine's part to clarify which of the two
inconsistent amounts the Bank was seeking.
Huffine only brings to our
attention the allegation seeking $50,000 or less. Inasmuch as he does not
mention the Bank's allegation that it is seeking over $100,000, he makes no
argument that the judgment is not supported by the Bank's pleading, when it is
considered as a whole, nor does he present any authority in support of such a
contention. Consequently, nothing is presented for review with respect to this
issue. Tex. R. App. P. 38.1(h). We overrule issue two.
Huffine contends that the trial
court should not have entered an order compelling answers to post-judgment
interrogatories and production of documents because he should not have been
included in the judgment. Because we have overruled both of Huffine's issues
questioning the validity of the judgment against him, we decline to reverse the
order compelling answers to post-judgment interrogatories and production of
documents.
The judgment is affirmed.
 
                                                             
         PER
CURIAM
 
PANEL F: JOHN HILL, J. (Retired,
Sitting by Assignment); LIVINGSTON and DAUPHINOT, JJ.
DELIVERED: July 24, 2003

1. See Tex. R. App. P. 47.4.