

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

## No. 02-19-00246-CV

_____

G.P., Appellant

V.

A.P., Appellee

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. 17-1613-158

Before Kerr, Birdwell, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

The trial court signed a final decree of divorce dissolving the marriage of Appellant G.P. (Father) and Appellee A.P. (Mother), parents of T.R.P. The divorce decree designated Mother as sole managing conservator and denied Father any access to the child. Father, pro se, filed this restricted appeal. We affirm.

### Background

In 2014, the 43rd District Court of Parker County entered an order in a suit affecting the parent-child relationship. That order appointed Father and Mother joint managing conservators of T.R.P. Father was designated as the conservator with the exclusive right to designate T.R.P.'s primary residence and to maintain T.R.P.'s primary residence in Parker and Denton Counties or any contiguous county.

In 2017, Mother filed an original petition for divorce in the 158th District Court of Denton County. A separate suit affecting the parent-child relationship had been filed in Parker County by the Office of the Attorney General seeking modification of previously ordered child support, and that suit was transferred to Denton County and consolidated with the divorce proceeding. Father, acting pro se, filed an answer asserting among other claims that Mother had committed a felony by taking T.R.P. from the home of a person who had been "acting in the stead of the primary custodial parent with the permission of the primary custodial parent."

The trial court signed a final decree of divorce appointing Mother the sole managing conservator and appointing Father possessory conservator of T.R.P. The

decree noted that Father had "made a general appearance and was duly notified of trial but failed to appear and defaulted." The decree further stated that at the time of trial, Father was incarcerated for the crime of sexual assault of a child, and it denied Father all possession and access T.R.P.

Additionally, the decree found that Mother was $13,521.46 in arrears in child support, and it granted a judgment against Mother for that amount in favor of the office of the Attorney General of Texas. However, the trial court further found that the Attorney General and Father had relinquished any further claim to the arrearage.

The trial court signed its judgment on January 24, 2019. Nearly six months later, on July 2, 2019, Father filed an untimely motion for new trial, which the trial court denied. On July 24, 2019, Father filed an untimely motion for findings of fact and conclusions of law, which the trial court also denied. *See* Tex. R. Civ. P. 296 (requiring requests for findings and conclusions to be filed within twenty days after judgment). Father now appeals.

**Discussion**

Father's notice of appeal was filed on July 2, 2019, making it untimely for an ordinary appeal but within the time allowed for a restricted appeal. *See* Tex. R. App. P. 26.1(a), (c), 30 (providing that a party may file a restricted appeal within six months after a judgment is signed if the party did not participate in the hearing that resulted in the complained-of judgment and did not timely file a postjudgment motion or request for findings of fact and conclusions of law or a notice of appeal within the time

3

permitted by Tex. R. App. P. 26(a)). To prevail in a restricted appeal, Father must show error on the face of the record. *McCoy v. McCoy*, No. 02-17-00275-CV, 2018 WL 5993547, at *1 (Tex. App.—Fort Worth Nov. 15, 2018, no pet.) (mem. op.). "The face of the record, for purposes of restricted appeals, consists of all the papers on file in the appeal, including the reporter's record, as they existed in the trial court at the time the default judgment was entered." *In re E.K.N.*, 24 S.W.3d 586, 590 (Tex. App.—Fort Worth 2000, no pet.).

Father's fifteen issues are as follows:

(1.) Petitioner during course of marriage and after has been arrested several times for ASSAULT-FAMILY VIOLENCE with multiple victims and this evidence was not presented.

(2.) Petitioner suffers from BORDERLINE PERSONALITY DISORDER and comorbid DRUG ADDICTION and this evidence was not presented. Petitioner was not given a psychiatric evaluation before being awarded custody.

(3.) Child subject of suit was unlawfully abducted by Petitioner in 2016, taken from babysitter's possession without permission of or notice to Respondent who had custody by court order from Parker County dated Oct. 17, 2014.

(4.) Petitioner transported child across state line into Arkansas and abandoned child.

(5.) Petitioner has violated court order by failure to notify Respondent about child's education, health, and general wellbeing despite Respondent's efforts to contact child and Petitioner.

(6.) Petitioner has violated the rights of paternal grandmother [P.F.].

4

(7.) Petitioner has abandoned child in Arkansas to the care of mental patients [A.S.] and [L.S.], a schizophrenic, who have attempted to adopt child in defiance of court order.

(8.) Petitioner was NOT entitled to forgiveness of debt for over $13,000 in back child support.

(9.) Mental patients [A.S.] and [L.S.] are unfit to possess child and have also violated the rights of Respondent by intentionally cutting off contact with both child's father and paternal grandmother, as well as child's half-brother.

(10.) Child has been removed from close proximity to her brother [H.] and all contact with brother is cut off.

(11.) Respondent was [not] given notice of court orders from Denton County, preventing timely filing of appeals.[1]

(12.) There is evidence of abuse by Petitioner. Before her abduction in 2016, child has a visitation with Petitioner as non-custodial parent. Following this visit child told custodial parent (Respondent-Appellant) that "mommy made me take a shower with her then took naked pictures

---

[1]This issue is Father's only issue that is not a complaint about the trial court's decree of divorce. However, Father does not request any particular relief related to this complaint, if he is in fact seeking any relief under this issue. *See, e.g.*, Tex. R. App. P. 4.2 (pointing out the procedure that a party may follow to gain additional time to file a notice of appeal). As we state in our analysis, Father's notice of appeal was timely for a restricted appeal, and as such we have jurisdiction to consider his sufficiency challenges to the trial court's divorce decree. *See Mbonu v. Office of Attorney Gen.*, No. 01-07-00659-CV, 2008 WL 2186504, at *4 (Tex. App.—Houston [1st Dist.] May 22, 2008, no pet.) (mem. op.). We note that even if we had jurisdiction to consider this appeal as an ordinary rather than a restricted appeal, if were we to construe this issue as requesting such relief, *but see Durham v. Jackson*, No. 10-12-00309-CV, 2012 WL 5381423, at *1 (Tex. App.—Waco Nov. 1, 2012, no pet.) (mem. op.), Father would still have had to produce a record to support his sufficiency arguments. Despite our notification to him of the need to make a designation for the reporter's record, he did not do so. *See Sanchez v. Garcia*, No. 05-13-01020-CV, 2014 WL 2921698, at *1 (Tex. App.—Dallas June 25, 2014, no pet.) (mem. op.).

of me to show other people." It was after this incident that non-custodial parent abducted child.

(13.) Petitioner's drug addiction has endangered child.

(14).) Petitioner stole two pet cats from Respondent-Appellant from babysitter's house. These pets belonged to Respondent-Appellant before meeting Petitioner. Divorce decree did not correctly list this property which Petitioner held hostage.

(15.) Petitioner made verbal agreements to release child to paternal grandmother [P.F.] in December 2016, but failed to do so.

Father's issues and arguments generally challenge that evidence supporting the trial court's decree, and he asks that we reverse "the orders of the lower court, restoring order." However, Father failed to arrange for a reporter's record. On August 7, 2019, we notified Father that "[t]he court reporter responsible for preparing the reporter's record in this appeal has informed this court that designation has not been made for the reporter's record" and that "[u]nless, by **Monday, August 19, 2019**, [Father] designate[s] to the court reporter **and provide[s] this court with proof of designation**, the court may consider and decide those issues or points that do not require a reporter's record for a decision." *See* Tex. R. App. P. 34.6(b) (requiring the appellant to request in writing that the official reporter prepare the reporter's record and, in the request, designate the exhibits and the portions of the proceedings to be included). No proof of such designation was filed, and consequently no record was prepared.

6

The "[r]estricted-appeal analysis permits us to address attacks on the legal and factual sufficiency of the evidence as factors relevant to the trial court's exercise of its discretion." *Mbonu*, 2008 WL 2186504, at *4 (citation omitted). However, the appellant has the burden to see that a sufficient record is presented to show error requiring reversal. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990). "Issues depending on the state of evidence cannot be reviewed without a complete record, including a reporter's record." *Sanchez*, 2014 WL 2921698, at *1. An appellant may request only a partial record, but in that case, the appellant must include in the request a statement of the points or issues to be presented on appeal, and the appeal will then be limited to those points or issues. *See* Tex. R. App. P. 34.6(c). Outside of that context, however, "settled law recognizes the impossibility of establishing on appeal that the evidence is either legally or factually insufficient without a complete reporter's record," and "we are entitled to presume that any missing reporter's record supports the trial court's judgment." *Mbonu*, 2008 WL 2186504, at *4 (citations omitted); *see also B.F. v. A.F.*, No. 02-16-00133-CV, 2017 WL 2375767, at *1 (Tex. App.—Fort Worth June 1, 2017, no pet.) (mem. op.) (noting that it is the appellant's burden to provide a record demonstrating an abuse of discretion and, because no record had been provided, presuming that the evidence supported the trial court's child support order).

"If an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new

7

trial where his right to have the case reviewed on appeal can be preserved in no other way." *Robinson v. Robinson*, 487 S.W.2d 713, 715 (Tex. 1972). Here, the court reporter took a record of the proceedings, but Father has not taken the necessary steps to make it part of the appellate record, despite this court's notifying him of the need to do so. Accordingly, no reporter's record or partial reporter's record was prepared or provided to this court. We must therefore presume that the reporter's record supports the trial court's decree. *See B.F.*, 2017 WL 2375767, at *1. Because Father's issues challenge the evidence supporting the divorce decree, but we presume the record supports the decree, we overrule Father's fifteen issues.

### Conclusion

Having overruled Father's issues, we affirm the trial court's decree of divorce.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: February 27, 2020