**SOUTHERN PACIFIC TRANSPORTA-TION COMPANY, Appellant,**

v.

**Jose HERNANDEZ, Appellee.**

**No. 04–89–00554–CV.**

Court of Appeals of Texas,
San Antonio.

Jan. 16, 1991.

Rehearing Denied March 6, 1991.

Annalyn G. Smith, Robert Shaw–Meadow, Leo D. Figueroa, Matthews & Branscomb, San Antonio, for appellant.

Rodney V. Steinburg, John A. Carwile, Steinburg & Bryant, Houston, for appellee.

Before BUTTS, CHAPA and CARR, JJ.

## OPINION

CARR, Justice.

This is an appeal from a judgment rendered after an adverse jury verdict in a suit brought pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. §§ 51–60 (1986). Appellee, Jose Hernandez, filed suit against Southern Pacific Transportation Company (Southern Pacific), alleging that while employed by Southern Pacific, he sustained injuries and incurred damages caused by Southern Pacific's negligence. The court entered a judgment in favor of Hernandez in the amount of $444,416.11 plus post-judgment interest and costs of court.

This appeal presents us with the following issues: (1) whether Southern Pacific is entitled to a new trial because it could not secure a complete and proper record of the trial; (2) whether the court's refusal to include a jury instruction on the non-taxability of the award amounted to reversible error; (3) whether there is no evidence that Hernandez was injured while employed in interstate commerce; (4) whether the trial court committed reversible error by re-fusing to give the jury Southern Pacific's requested instruction regarding mitigation of damages; and (5) whether the trial court erred in reducing Hernandez's award by the 20% contributory negligence finding. We affirm.

In the first point of error, Southern Pacific argues that it is entitled to a new trial because a complete and proper record of the trial cannot be secured. Under this point of error, Southern Pacific argues that two significant parts of the record are missing: (1) an expert witness's deposition testimony which was read into the record but not included in the statement of facts, and (2) the *original* "Defendant's Requested Questions and Instructions."

Southern Pacific asserts in its brief, and Hernandez does not dispute, that on the morning of May 24, 1989, the official court reporter, Jerry Parmer, was absent for the commencement of testimony. In Parmer's absence, the presiding judge, the Honorable Rey Perez, requested and authorized Lisa Edwards, a deputy reporter, to make a full record of the evidence. Rule 11 of the Texas Rules of Appellate Procedure provides that the presiding judge of the court may authorize a deputy reporter to act in place and perform the duties of the official reporter. TEX.R.APP.P. 11(c). Those duties include making a full record of the evidence when requested by the judge or any party to a case. TEX.R.APP.P. 11(a).

Deputy Reporter Edwards proceeded to record the oral testimony and evidence on May 24 and 25, 1989. A.R. Nering, M.D., who had examined Hernandez, testified by deposition regarding Hernandez's physical condition at the time of the examination and the prognosis for recovery.

In Volume III[1] of the statement of facts, which was prepared and certified by Edwards, the part concerning Dr. Nering's testimony reads as follows:

Mr. Figueroa: Your Honor, at this time, we would call A.R. Nearing, M.D. [sic],

---

1. The labeling of this volume as "Volume III" is a misnomer. The official court reporter, Jerry D. Parmer, had transcribed testimony into three volumes which he labeled Volume 1, Volume 2, and Volume 3. Edward's volume, therefore, is actually the fourth volume of the statement of facts.

by deposition. For the record, Your Honor, Dr. Nearing's [sic] deposition was taken on Tuesday, March 15, 1988, at 2:00 p.m. at his office in El Paso.

A.R. Nearing, M.D., [sic] sworn by the court reporter testified as follows: and these are questions by Howard Newton, my partner. Beginning on page 2, line 19:

(Whereupon, Mr. Figueroa and Mr. Walker read the oral deposition of A.R. Nearing, M.D. [sic])

Mr. Figueroa: That concludes our offer of this deposition, your Honor.

In its brief, Southern Pacific's attorney contends that he first learned of the omission of Dr. Nering's deposition testimony from the statement of facts when reading the volume prepared by Edwards; that he contacted Hoffman Reporting Service, for whom Edwards worked, but learned that Edwards had moved to Italy and was no longer with that reporting service; and that Hoffman Reporting Service also informed him that they could not locate any recording made by Edwards which was not already transcribed in the volume of the statement of facts Edwards prepared.

On appeal, Southern Pacific filed a "Motion for Amendment of the Record" pursuant to Rule 55 of the Texas Rules of Appellate Procedure. That rule provides for different methods to correct inaccuracies in the transcript or statement of facts. TEX. R.APP.P. 55. This court granted Southern Pacific's "Motion for Amendment of the Record" and added "Exhibit D–3," the oral deposition of A.R. Nering, M.D., to the formal record of this case. Appellee Hernandez, moreover, did not disagree to the addition of the deposition to the record.

The entire deposition of Dr. Nering, which had been read at trial but not included in the statement of facts, is now part of the formal record before this court. A new trial record has not been created; the appellate record has simply been corrected. *See Gerdes v. Marion State Bank*, 774 S.W.2d 63, 65 (Tex.App.—San Antonio 1989, writ denied) ("Rule 55 authorizes trial judges and appellate courts to correct the *appellate* record on their own initiative, or

at the request of counsel; it does not allow the creation of a new trial court record."). We find, therefore, that the record before us is complete and that this complaint under point of error one is moot.

■ Southern Pacific also contends under this point of error that since the original "Defendant's Requested Questions and Instructions" is not part of the record, the record on appeal is incomplete, and therefore, Southern Pacific is unable, through no fault of its own, to show that error was properly preserved.

In its brief Southern Pacific asserts, and the record supports, that a file-stamped copy of "Defendant's Requested Questions and Instructions" appears in the transcript on appeal. In October 1989, Diamantina Trevino, District Clerk of Maverick County, contacted Southern Pacific and informed Southern Pacific that its requested questions and instructions were not in the court's files. The clerk then requested Southern Pacific's counsel to provide a copy of the part of the transcript entitled "Defendant's Requested Questions and Instructions" to serve as a substitute for the record. Southern Pacific's counsel responded by providing copies of the issues and instructions, and these were file-stamped and substituted into the record by District Clerk Trevino.

Southern Pacific and Hernandez have stipulated that requested instruction 19 (which is made the basis of point of error 2) and requested instruction 20 (which is made the basis of point of error 4) were both submitted to the trial court in the same form as they appear in the transcript. Both parties stipulate, moreover, that the trial judge refused instructions 19 and 20 and endorsed each of those instructions with his signature and the word "refused." The stipulation is supported by the statement of facts, which reflects that the judge refused requested instructions 19 and 20.

Rule 50(e) of the Texas Rules of Appellate Procedure provides that "[w]hen the record or any portion thereof is lost or destroyed it may be substituted in the trial court and when so substituted the record may be prepared and transmitted to the

appellate court as in other cases." TEX.R. APP.P. 50(e). In the case at bar, there has been a proper substitution, and Hernandez does not challenge the substitution on appeal. We find, therefore, that Southern Pacific has failed to show how it is harmed by not having the original. TEX.R.APP.P. 81(b).

Southern Pacific's first point of error is overruled.

In the second point of error, Southern Pacific argues that the court's refusal to include a jury instruction on the non-taxability of an award amounted to reversible error.

The leading case regarding this issue is *Norfolk & Western Ry. Co. v. Liepelt*, 444 U.S. 490, 100 S.Ct. 755, 62 L.Ed.2d 689 (1980). In *Liepelt*, the administrator of the estate of a freight train fireman brought an action to recover against the railroad under FELA for the death of the fireman. The case was originally heard in an Illinois state court but ultimately was appealed to the U.S. Supreme Court. The Supreme Court found that it was error for the trial court to have refused the requested instruction regarding the non-taxability of the award. In *Liepelt*, the respondent's expert witness computed the amount of pecuniary loss at $302,000 plus the value of the care and training that the decedent would have provided to his young children. The jury, however, awarded damages of $775,000. The Supreme Court found that "[i]t is surely not fanciful to suppose that the jury erroneously believed that a large portion of the award would be payable to the Federal Government in taxes, and that therefore it improperly inflated the recovery." 444 U.S. at 497, 100 S.Ct. at 759. The Court reversed the judgment and remanded the case for further proceedings not inconsistent with its opinion.

■ We follow *Liepelt* and find that it was erroneous for the trial court to fail to instruct on the non-taxability of the award. 444 U.S. at 498, 100 S.Ct. at 759; *see also Flanigan v. Burlington Northern Inc.*, 632 F.2d 880, 889 (8th Cir.1980), *cert. denied*, 450 U.S. 921, 101 S.Ct. 1370, 67 L.Ed.2d 349 (1981). Our inquiry, however,

does not end here. *See Flanigan*, 632 F.2d at 889.

■ Appellant relies on two Fifth Circuit cases, *O'Byrne v. St. Louis Southwestern Ry. Co.*, 632 F.2d 1285 (5th Cir.1980), and *Lang v. Texas & Pacific Ry. Co.*, 624 F.2d 1275 (5th Cir.1980), to argue that *Liepelt* requires an automatic finding of reversible error if a requested jury instruction regarding taxability of an award is refused by the trial court. In *O'Byrne*, the Fifth Circuit found unpersuasive the argument that the failure to give the requested instruction was harmless error. 632 F.2d at 1286. In *Lang*, the Fifth Circuit, citing *Liepelt*, found that the trial court had erred by refusing to give the proffered charge concerning taxability. 624 F.2d at 1280. We, however, do not find these Fifth Circuit cases persuasive.

We find *Flanigan v. Burlington Northern Inc.*, 632 F.2d 880, 889 (8th Cir.1980), *cert. denied*, 450 U.S. 921, 101 S.Ct. 1370, 67 L.Ed.2d 349 (1981), more persuasive than *Lang* and *O'Byrne*. In *Flanigan*, the Eighth Circuit, in an opinion whose writ for certiorari was denied by the U.S. Supreme Court, held that *Liepelt* did not require automatic reversal if a jury instruction regarding non-taxability of the award was denied. The *Flanigan* court applied a harmless error test. 632 F.2d at 889. In Texas, moreover,

> [n]o judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case....

TEX.R.APP.P. 81(b)(1). We find that the trial court's failure to include Southern Pacific's requested instruction on the nontaxability of Hernandez's award did not cause the rendition of an improper verdict for the reasons provided below.

In the case at hand, Everitt Dillman, Ph.D., *Hernandez's own expert witness,* calculated Hernandez's lost *past* earnings to be $57,915. To calculate Hernandez lost *future* earnings, Dillman used several methods. Dillman computed Hernandez's lost *future* earnings at $998,242 to age 61, assuming 100% disability, and at $1,344,515 to age 70, also assuming 100% disability. Dillman also computed lost *future* earnings at between $350,000 and $400,000, assuming an impairment rating of 35–40% and retirement at 61. This last calculation was based on the finding of Dr. Carlos Arazosa, Southern Pacific's expert witness, that Hernandez had an impairment rating of 35–40%. Dillman also calculated lost *future* earnings of $600,000 based on Hernandez's last employment prior to his employment with Southern Pacific, which was as a clerk earning $6.00 per hour. Dillman, moreover, testified that in his calculations *he had deducted income taxes* from Hernandez's past and future wage losses. The court entered judgment in favor of Hernandez in the amount of $444,416.11 plus post-judgment interest and costs of court.

We find that the trial court's failure to grant Southern Pacific's requested instruction on the non-taxability of Hernandez's award was harmless error on the grounds that the jury was aware that Hernandez's expert witness had already deducted income taxes in calculating Hernandez's lost past and future wages and the jury's verdict indicates that the jury did not improperly inflate the recovery since it is far less than the highest values given by the expert witness and only slightly higher than the smallest value. *See Liepelt,* 444 U.S. at 497, 100 S.Ct. at 759; *Flanigan,* 632 F.2d at 890.

Southern Pacific's second point of error is overruled.

In the third point of error, Southern Pacific argues that the trial court erred in entering judgment against it because there was no evidence that Hernandez was injured while employed in interstate commerce as required by FELA:

> Every common carrier by railroad while engaging in commerce between ...

any of the States or Territories ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

> Any employee of a carrier, any part of whose duties as such employee shall be the furtherance of interstate or foreign commerce; or shall, in any way directly or closely and substantially, affect such commerce as above set forth shall, for the purposes of this chapter, be considered as being employed by such carrier in such commerce and shall be considered as entitled to the benefits of this chapter.

45 U.S.C. § 51 (1986).

In addressing a no evidence point, the court considers only the evidence and inferences tending to support the finding and disregards all evidence and inferences to the contrary. *Sherman v. First Nat'l Bank,* 760 S.W.2d 240, 242 (Tex.1988). In the case at hand, we must determine whether there is some evidence to support the jury's finding that Hernandez was injured while employed in interstate commerce. *Id.* After reviewing the entire record, we find that there is some evidence to support the jury's finding that Hernandez was injured while employed in interstate commerce.

In a request for admissions, Southern Pacific admitted that it is a railroad; that it was engaged in interstate commerce on the date of the injury; and that Hernandez was in the course and scope of his employment for Southern Pacific at the time of his injury. We find that Southern Pacific's admissions conclusively show that Southern Pacific's argument is without merit. Southern Pacific's third point of error is overruled.

In the fourth point of error, Southern Pacific argues that the trial court erred in

refusing to give the jury Southern Pacific's requested instruction regarding mitigation of damages.

Federal law generally governs the substantive rights of the parties in FELA cases, but when such cases are filed in state courts, they are tried in accordance with that state's own applicable rules of civil procedure. *Dutton v. Southern Pacific Transp.*, 576 S.W.2d 782, 783–84 (Tex. 1978). In Texas, a court has considerable discretion to submit issues to a jury, and absent a showing of the denial of the rights of appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, there is no abuse of discretion by the trial judge. *Green Tree Acceptance, Inc. v. Combs*, 745 S.W.2d 87, 89 (Tex.App.—San Antonio 1988, writ denied); TEX.R.CIV.P. 273.

In *Atchison, Topeka & Santa Fe Ry. Co. v. O'Merry*, 727 S.W.2d 596, 600–01 (Tex.App.—Houston [1st Dist.] 1987, no writ), a FELA case, the court evaluated a requested instruction identical to the one Southern Pacific requested here:

> In connection with Question Nos. ___ and ___, you are instructed that an injured party is under a legal obligation to mitigate his damages, that is, to minimize the economic loss resulting from his injury by taking reasonable steps to assist in effecting a healing of his injury and by resuming gainful employment as soon as such can reasonably be done. And if he fails to take reasonable steps to assist in effecting a healing of his injury so as to enable him to return to work, or if he does not resume and continue available employment even though he is physically able to do so, such person may not recover damages incurred after the date on which he was or reasonably could have been able to return to some form of gainful employment.

*See O'Merry*, 727 S.W.2d at 600. The court in *O'Merry*, in expressly rejecting the use of the identical requested instruction, ruled that "[t]he trial court must give definitions of legal and other technical terms, but is not required to give other instructions if they do not aid the jury." 727 S.W.2d at 601. It further held that since the specific instruction would not have been helpful to the jury, the trial court did not abuse its discretion in refusing to submit the requested instruction. *Id.*

Applying *O'Merry*, we hold that the trial court in this case did not abuse its discretion in refusing to submit the requested instruction on mitigation of damages. Southern Pacific, moreover, has failed to show that it was harmed by the refusal to include the instruction.

The fourth point of error is overruled.

In a sole cross point, appellee Hernandez argues that if he failed to prove the interstate commerce activity which would bring this case within FELA, the trial court erred in reducing his award by the 20% contributory negligence finding. Section 3 of FELA provides that "the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee...." 45 U.S.C. § 53 (1986). We find, however, that Hernandez did prove the interstate commerce activity which would bring this case properly within FELA. The court, therefore, did not err in reducing Hernandez's award by 20% since the jury found that 20% of the negligence was attributable to Hernandez. The cross point is overruled.

The judgment is affirmed.