**STATE FARM FIRE AND CASUALTY INSURANCE COMPANY,**
Appellant,

v.

**Sandra Sue VANDIVER, Appellee.**

No. 10–96–092–CV.

Court of Appeals of Texas,
Waco.

Feb. 12, 1997.

Rehearing Overruled April 9, 1997.

Anne Gardner, Shannon, Gracey, Ratliff & Miller, Fort Worth, David Kassabian, Kassabian, Moran & Doyle, P.C., Arlington, for appellant.

Richard E. Ward, Fort Worth, Clay Lewis Jenkins, Jenkins & Jenkins, P.C., Waxahachie, Ronald D. Wren, Bedford, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION ON STATE FARM'S MOTION TO STRIKE SUPPLEMENTAL (CORRECTED) STATEMENT OF FACTS AND SECOND MOTION TO REVERSE AND REMAND

PER CURIAM.

On April 17, 1990, appellee Sandra Sue Vandiver sued State Farm Fire and Casualty Insurance Company on an insurance contract when State Farm allegedly failed to compensate her adequately for her losses after her home was consumed by fire. During a jury trial, the trial court directed a verdict against State Farm on Vandiver's contractual claims and submitted her bad faith claims to the jury, which found in her favor. The court entered its final judgment on January 5, 1996. On February 5, State Farm filed a motion for new trial, which was denied on

March 20. On April 4, State Farm filed its appeal bond and its requests to the proper parties for the preparation of both the transcript and the statement of facts. The transcript was filed in this court on April 29, and the statement of facts was filed on May 15, following the granting of a motion to extend the time to file.

Upon receipt, trial and appellate counsel for State Farm reviewed the statement of facts and noticed several omissions of testimony and a number of discrepancies between their recollection of the evidence adduced at trial and what was contained in the statement of facts. Due to these alleged omissions and inaccuracies, State Farm on July 18 filed a motion in this court requesting that we either reverse and remand the cause for a new trial or, in the alternative, abate the cause to the trial court so that the inaccuracies in the statement of facts could be corrected. Also on July 18, State Farm filed its appellate brief. Vandiver filed her brief on August 21.

On August 21, we abated the cause to the trial court, and on September 5 the trial court conducted a hearing on the accuracy of the record. After the hearing, the trial court determined that the statement of facts could be properly corrected pursuant to TEX. R.APP.P. 55(b), and the court entered findings of fact and conclusions of law. State Farm then filed its "Motion to Strike Supplemental (Corrected) Statement of Facts and Second Motion to Reverse and Remand," which is the subject of this opinion.[1]

At the hearing, State Farm filed an affidavit from its trial attorney, David Kassabian, identifying 74 or 75 instances in which he allegedly found inaccuracies in the statement of facts. Prior to the hearing, counsel for both State Farm and Vandiver were able to reach an agreement on how approximately three-quarters of the inaccuracies should be amended, and they entered stipulations to that effect. With regard to the unresolved discrepancies, the trial court, after considering the exhibits offered into evidence at the hearing and the testimony from the several witnesses, made findings of fact and conclusions of law on how the record should be corrected.

Notwithstanding its efforts to reach a mutual agreement with Vandiver on the 74 or 75 alleged inaccuracies in the statement of facts, State Farm did nothing to remedy the problem of the omitted testimony.[2] Instead, it made essentially two arguments that the record could not be corrected; first, that the court reporter, Bryan Coday, in taking down what was said at trial, did not always indicate the ending lines of the depositions and exhibits that were read and, therefore, it could not be determined with sufficient accuracy how much of the relevant depositions and exhibits had been read into the record; and second, that under this court's opinion in *The Home Ins. Co. v. Hambric*, 906 S.W.2d 956 (Tex. App.—Waco 1995, no writ), court reporters are obligated to take down contemporaneously everything that is said at trial and, if they fail to do so, the portions of the record not taken down contemporaneously are irremediably lost within the meaning of TEX.R.APP.P. 50(e), so that, unless the parties can reach an agreement, a new trial must be ordered. *See Owens–Illinois, Inc. v. Chatham*, 899 S.W.2d 722, 733 (Tex.App.—Houston [14th Dist.] 1995, writ dism'd) (on rehearing).[3]

---

1. State Farm is challenging the factual sufficiency of the evidence. A complete statement of facts is necessary for the prosecution of a sufficiency-of-the-evidence appeal; therefore, if the trial court is unable to obtain a complete statement of facts then error requiring reversal would necessarily be found. *See Englander Co. v. Kennedy*, 428 S.W.2d 806, 806–07 (Tex.1968); *Owens–Illinois, Inc. v. Chatham*, 899 S.W.2d 722, 735 (Tex.App.—Houston [14th Dist.] 1995, writ dism'd) (on rehearing); *Waller v. O'Rear*, 472 S.W.2d 789, 791 (Tex.Civ.App.—Waco 1971, writ ref'd n.r.e.) (on rehearing); *see also* TEX.R.APP.P. 81(b)(1).

2. We do not mean to suggest that State Farm was under any obligation to try to reach an agreement with Vandiver on how the omissions and inaccuracies in the statement of facts could be resolved, but counsel for State Farm at the hearing represented to the trial court that she "in good faith ... [had made] every effort [she knew] to try to get a ... correct and complete record."

3. To be specific, we note that State Farm is complaining about one instance when an examination under oath was being read, three instances when an exhibit that was not entered into evidence was being read, and four instances when deposition testimony was being read. The

At the hearing, Vandiver argued, among other things, that State Farm could not complain about any untranscribed portions of the trial, except closing arguments and the reading of the jury charge, because those were the only events which State Farm actually requested to be taken down by a court reporter. *See* TEX.R.APP.P. 11. In apparent agreement with Vandiver, the trial court entered findings that the only proceedings State Farm requested to be taken down were closing arguments and the reading of the charge.

■ The first issue we will consider is whether the court reporter was under any obligation to record the events of the trial. Rule of Appellate Procedure 11(a)(1) provides that a court reporter has a duty to attend all sessions of the court and to make a full record of the evidence together with all objections to the admissibility of the evidence, the rulings, and remarks of the court thereon *when requested by the judge or any party to a case.* TEX.R.APP.P. 11(a)(1). These same obligations, again conditioned upon the requirement of a request, are imposed upon the court reporter by the Government Code. *See* TEX. GOV'T CODE ANN. § 52.046(a) (Vernon 1988). Vandiver contends that, because no request was made by State Farm for the court reporter to record the proceedings at trial, State Farm has waived any complaint it may have had about Coday's not making a correct and complete statement of facts. *See Lascurain v. Crowley,* 917 S.W.2d 341, 345 (Tex.App.—El Paso 1996, no writ); *Rogers v. CIGNA Ins. Co.,* 881 S.W.2d 177, 181 (Tex.App.—Houston [1st Dist.] 1994, no writ); *see also Piotrowski v. Minns,* 873 S.W.2d 368, 370 (Tex.1993).

It is undisputed, and the trial court made findings to this effect, that State Farm made

no request for the court reporter to record anything except for closing arguments and the reading of the jury charge. Moreover, in one of its conclusions of law, the trial court determined that "any proceedings not reflected in the corrected Statement of Facts were not requested to be reported." State Farm, while conceding that it made no request for the court reporter to record the contested portion of the proceedings, asserts that the trial court did request it and that this was sufficient under Rule 11 and section 52.046(a).

The requirement that a request be made for a court reporter is not as formalistic as the bare wording of Rule 11 and section 52.046(a) may indicate. The Supreme Court, at least since *Robinson v. Robinson,* 487 S.W.2d 713 (1972), has held that "[i]f an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way." *Id.* at 715. Six years later, in response to an argument that the holding in *Robinson* should be changed in light of a newly imposed statutory requirement that a court reporter has no duty to record any trial court proceedings in the absence of a request, the Supreme Court reaffirmed that an appellant will not be found to have waived a complaint about the absence of a statement of facts when such occurred through no fault of his own and he exercised due diligence to see that the trial proceedings were recorded by the court reporter. *Rogers v. Rogers,* 561 S.W.2d 172, 173 (1978) (decided under former TEX.REV.CIV.STAT. ANN. art. 2324, which was later recodified as TEX.R.APP.P. 11); *see also Weaver v. Westchester Fire Ins. Co.,* 739 S.W.2d 23, 24 (Tex.1987).[4]

---

instances occurred in the following locations in the original statement of facts:

(1) Volume III, pp. 59–60 (defense exhibit 15 read).
(2) Volume III, p. 60 (defense exhibit 16 read).
(3) Volume III, p. 116 (defense exhibit 40 read).
(4) Volume III, p. 119 (deposition from Madonna Lindley read).
(5) Volume III, p. 121 (deposition from Hugh Richard Harvey read).

(6) Volume III, p. 128 (examination under oath of Hugh Richard Harvey read).
(7) Volume III, p. 186 (deposition from Madonna Lindley read).
(8) Volume III, p. 268 (deposition from William David Dunbar read).

4. We note that although the Supreme Court opinions in *Robinson v. Robinson,* 487 S.W.2d 713 (Tex.1972), and *Rogers v. Rogers,* 561 S.W.2d 172 (Tex.1978), were in cases affecting the parent-child relationship, the court in each case

Although the trial court made no findings in this regard, we conclude that State Farm exercised due diligence to see that a contemporaneous record of the trial proceedings were recorded by a court reporter and that Coday's failure to take down verbatim the words spoken by the attorneys and witnesses as they read the portions of the relevant depositions and exhibits was not in any way the fault of State Farm. The statement of facts from the abatement hearing clearly indicates that Coday was present in the courtroom throughout the entire trial, including the times when the attorneys and witnesses were reading from the depositions and exhibits, and seemed to be taking down what was being said by the participants at trial. Indeed, the trial court made the following relevant findings from the bench at the close of the abatement hearing:

> [After I received the *Hambric* opinion,] I told [Coday], as he verified here, that unless the attorneys stipulated otherwise, he was to take down [contemporaneously] . . . all the testimony offered by deposition; whether it was a video deposition and they were playing it straight through, he was to take all that down as if a witness was on the stand. And if the attorneys were reading the deposition, he was supposed to take what they were reading down as it was being said verbatim. . . . I even looked over there when that testimony was being offered. I even looked over there and saw his fingers moving on the [stenographic] machine. Now, . . . I don't know what he's putting down there. I told him to take it down. It looked like he was taking something down, so I assumed it was being taken down. I don't know what else to do.

Kassabian testified that he, too, thought that Coday was contemporaneously taking down what was said while the relevant depositions and exhibits were being read because he also saw Coday present in the courtroom and apparently taking down what was being read. As Kassabian testified, "[W]henever we'd start up, the Judge would say, ["[W]here is Coday[?"]]; and Mr. Coday would come and . . . then be there transcribing the proceedings[.]" Kassabian and Coday both testified that Coday was present at all times when evidence was being taken during the trial, including when the relevant depositions and exhibits were being read.

Based upon the foregoing, we conclude that the holding in *Robinson* should apply in the instant case. The attorneys for State Farm acted reasonably when they believed that Coday, as he sat by his stenographic machine and moved his fingers over the keys, was contemporaneously taking down what was being said by the parties as they read from the relevant depositions and exhibits. State Farm cannot be faulted for Coday's not taking down what he was required to when any reasonable person would have thought that he was. We reach this holding notwithstanding the literal wording in Rule 11 and section 52.046(a) that the court reporter does not have a duty to record any trial court proceedings until such is requested.

We will next address the question of whether the missing deposition and exhibit testimony could be properly reconstructed. In its findings of fact, the trial court found that everything that was said during the trial, except voir dire and opening statements,[5] was either taken down contemporaneously by Coday or was recorded by Coday on audio tapes. The trial court further found that Coday made a contemporaneous shorthand record of all the statements the attorneys made concerning the pages and line numbers of the particular deposition or exhibit that was being read, although the record reveals that the beginning-and-ending information was not given in every instance. The court then concluded that an accurate verbatim reconstruction could be made of the excerpts from the occasions when the wit-

made its decision based upon common law principles, not because of the statutory duty trial judges bear to make certain that a record is made of such proceedings notwithstanding any request by any party. *See Rogers*, 561 S.W.2d at 173–74; *see also* Act of June 15, 1973, 63rd Leg., R.S., ch. 543, 1973 Tex. Gen. Laws 1411, 1418 (formerly codified at Tex. Fam.Code Ann.

§ 11.14(d), now codified at Tex. Fam.Code Ann. § 105.003(c) (Vernon 1996)).

5. State Farm makes no complaint about anything that occurred during either voir dire or opening statements.

nesses read from either depositions or exhibits using Coday's shorthand notes, the audio tapes, and the transcripts of the depositions and exhibits. Based upon this conclusion, the trial court ordered Coday to prepare a new statement of facts in the case with the omitted testimony included, which he did, and it was received by this court on September 20, 1996.[6]

State Farm makes three arguments in its motion to strike: first, that there is no evidence to support the trial court's conclusion that an accurate verbatim reconstruction of the statement of facts could be completed because this court's opinion in *Hambric* precluded the use of anything except contemporaneous shorthand reporting in preparing a statement of facts; second, that the supplemental statement of facts should be stricken because it does not contain the stipulations agreed to by the parties; and third, that the cause should be reversed and remanded because the court reporter did not take down two objections State Farm made to the jury charge. We will address each of these arguments in turn.

In reaching its conclusion that a complete and accurate statement of facts could be reconstructed, the trial court implicitly held that it would be permissible for Coday to use, not only the incomplete contemporaneous shorthand notes that he had made of the trial proceedings, but also the audio tape recording and the relevant exhibits and depositions that were read into the record. State Farm argues that our opinion in *Hambric* expressly precludes a court reporter from using anything except contemporaneous verbatim shorthand notes in preparing a statement of facts. State Farm's reading of our opinion in *Hambric* is essentially correct. Although in dicta, we wrote that contemporaneous shorthand notes were the only permissible means by which the statement of facts could be prepared[7] and that if the court reporter

should use any other material in preparing the statement of facts, except perhaps an audio tape recording as a strictly secondary fail-safe backup to verify the contemporaneous shorthand reporting, then the portion of the statement of facts created from this material should be stricken from the record. *Hambric*, 906 S.W.2d at 959–60. We opined that the use of anything besides verbatim contemporaneous notes would amount to the "creation" of a new statement of facts and that under Rule of Appellate Procedure 55(b), which permits the supplementation of the statement of facts only with "omitted" portions of materials from the trial court proceedings, the reconstructed material would be unusable. *Id.; see Gerdes v. Marion State Bank*, 774 S.W.2d 63, 65 (Tex. App.—San Antonio 1989, writ denied); *see also* TEX.R.APP.P. 55(b). Moreover, we expressly stated that an impermissible "creating" of the statement of facts would occur if the statement of facts was prepared either from transcribed copies of depositions that were read into the record or from the court reporter's audio recording of the trial court proceedings. *Hambric*, 906 S.W.2d at 959–60.

■ The two courts of appeals besides our own of which we are aware that have addressed the same or a similar issue have determined that, when deposition testimony is read into the record but is not taken down verbatim and contemporaneously by the court reporter, the statement of facts may nevertheless be corrected by a transcription of the relevant deposition testimony if a proper written transcription of the testimony was made at the time the deposition was given. *Rogers*, 881 S.W.2d at 180; *Southern Pacific Transp. Co. v. Hernandez*, 804 S.W.2d 557, ·560 (Tex.App.—San Antonio 1991, writ denied). These courts reasoned that when this type of reconstruction occurs

---

6. We note, however, that with regard to the 74 or 75 alleged inaccuracies in the original statement of facts, the new statement of facts does not include either the agreed-upon amendments or the corrections which the trial court found should be made. These changes, however, are indicated in the statement of facts from the abatement hearing and in the trial court's findings of fact and conclusions of law.

7. We recognize, however, the exception provided by statute and Supreme Court order for electronic recording in certain municipal courts of record and in certain district courts. *The Home Ins. Co. v. Hambric*, 906 S.W.2d 956, 960 n. 4 (Tex. App.—Waco 1995, no writ).

the statement of facts has merely been supplemented with omitted material *vis-a-vis* Rule 55(b) and a new trial record has not been created because the deposition testimony was read at trial and, therefore, there was nothing new about adding to the statement of facts something that did in fact happen at trial. *Id.* We criticized *Rogers* and *Hernandez* in *Hambric* on the ground that, because the statement of facts could only be prepared by contemporaneous verbatim shorthand notes, any primary reliance by a court reporter upon any other information would mean that a new statement of facts was being created in violation of Rule 55(b). *Hambric,* 906 S.W.2d at 960–61. We are now of the opinion that the *Rogers* and *Hernandez* opinions were correct and we were wrong to criticize them in *Hambric.*

The principal thrust behind our reasoning in *Hambric* was that, under the Government Code, a court reporter is a person who engages in "shorthand reporting," that "shorthand reporting" is defined statutorily as the practice of "making a verbatim record of an open court proceeding, deposition, or proceeding before a grand jury ... using written symbols in shorthand, machine shorthand, or oral stenography," and that it is the duty of the court reporter to furnish a transcript of the "reported evidence or other proceedings" to the court of appeals when requested by a party. *Id.; see* TEX. GOV'T CODE ANN. §§ 52.001(4), 52.001(5), 52.046(a)(5) (Vernon 1988 & Pamph.1997). From these statutory provisions we concluded that a statement of facts would be acceptable only if it was directly the product of a verbatim contemporaneous recording as described in the Government Code. *Hambric,* 906 S.W.2d at 959–60.

The error in our reasoning, however, lies in the altogether dissimilar purpose of Rule 55(b). Rule 55(b) was designed to ensure that, unless the parties were somehow prejudiced, the only record the appellate court could consider in reviewing a case was a complete and accurate record of the actual proceedings that occurred at trial. While it cannot be denied that a contemporaneous verbatim recording of the events at trial is a large part of ensuring that a complete and accurate record of the trial court proceedings is prepared, the conclusion does not follow that the record will necessarily be incomplete in every instance where there is some absence of a contemporaneous verbatim recording.

■ The veracity of this statement is proven under the facts of the very case before us. Here, portions of several exhibits and depositions were read to the jury. An audio recording of every instance where this occurred was made by the court reporter. There is no contention that what was read at trial differed in any way from the actual wording of the relevant exhibits and depositions that were read. In addition, it is undisputed that the court reporter, by listening to the audio tapes to find where the portions of these exhibits and depositions that were read begin and where they end, could reconstruct the very testimony that is missing from the original statement of facts. Therefore, we conclude that the statement of facts could be properly supplemented with the exhibit and deposition testimony that was missing from the original statement of facts, and we disavow any language in *Hambric* that may indicate that a contrary conclusion should be reached.

State Farm's second argument in the motion to strike is that the supplemental statement of facts is defective because it does not include the amendments to the original statement of facts that the parties agreed to at the September 5 abatement hearing. State Farm appears to be concerned that this court would accept as superior the language included in the supplemental statement of facts even though the parties had expressly agreed that the statement of facts should read differently. State Farm has no reason to fear in this regard. The law is well-established that the parties may agree to any version of the facts that they wish, and an appellate court may not, except in the case of fraud, mistake, or some other infirmity, consider any ancillary evidence to defeat the agreement. *See* TEX.R.APP. P. 55; *see also M.J.R.'s Fare of Dallas, Inc. v. Permit and License Bd. of Dallas,* 823 S.W.2d 327, 330 (Tex.App.—Dallas 1991, writ denied); *Sadler v. Duvall,* 815 S.W.2d 285, 289 (Tex.App.—

Texarkana 1991, writ denied); *Perry v. Brooks,* 808 S.W.2d 227, 229 (Tex.App.— Houston [14th Dist.] 1991, no writ); *Allen v. Allen,* 704 S.W.2d 600, 606 (Tex.App.—Fort Worth 1986, no writ).[8]

■ State Farm also complains that the supplemental statement of facts is impossible to use because the stipulations agreed to by the parties, which are located in the trial court's findings of fact and conclusions of law and in an exhibit to the statement of facts from the abatement hearing, refer to the original statement of facts. We disagree. The only difference between the original and the supplemental statements of facts is that the supplemental statement of facts includes the omitted reading from the relevant exhibits and depositions. The parties should, by referencing the supplemental statement of facts with the original, be able to determine the location in the supplemental statement of facts where the stipulations should apply. State Farm's complaint that the supplemental statement of facts is impossible to use is without merit.

In its third complaint State Farm argues that the cause should be reversed and remanded for a new trial because there was no contemporaneous verbatim recording by the court reporter of some of the trial court's and State Farm's comments relating to the jury charge. In particular, State Farm alleges that Coday failed to take down (1) a discussion counsel had with the trial court on how the court, which had by then decided to issue an instructed verdict, would charge the jury, and (2) the trial court's initial verbal instructions to the jury.

■ With regard to the first instance, the trial court in its findings of fact and conclusions of law indicated that, at a time shortly before the jury charge was read, the court was making some preliminary comments about the jury charge. State Farm does not indicate to us what these comments were. Although Coday was present in the courtroom at the time and appeared to the parties to be taking down the proceedings, he nevertheless was not.

Later, when the trial court started to instruct the jury, the court made the comment to the jury that "[i]f there are disputes that you may have heard during the course of this trial and questions are not asked of you concerning those disputes, that means I have settled those [issues] and have determined that that issue should not be submitted to you." According to State Farm, Kassabian then offered an objection that the court's statement was a comment on the weight of the evidence and that it was a violation of an agreement among the court and the parties that the court would only mention to the jury the issues on which it would actually be charged. Although this objection does not appear in the statement of facts, the trial court, in agreement with State Farm, indicated at the abatement hearing that the objection was made. State Farm, however, concedes that Kassabian did not get a ruling from the trial court on the objection.

State Farm is not able to show harm from either of these two instances. *See White Budd Van Ness Partnership v. Major-Gladys Drive Joint Venture,* 798 S.W.2d 805, 818 (Tex.App.—Beaumont 1990) (appellant must show harm to obtain reversal under Rule 55(b)), *writ dism'd per curiam,* 811 S.W.2d 541 (Tex.1991); *Houston Lighting & Power Co. v. Klein Ind. Sch. Dist.,* 739 S.W.2d 508, 520 (Tex.App.—Houston [14th Dist.] 1987, writ denied); *see also* TEX.R.APP. P. 81(b)(1). With regard to the first instance, State Farm in its motion to strike neither tells us what comments by the trial court were omitted nor how the inclusion of the comments in the statement of facts is necessary to a resolution of the points of error it wishes to raise. Therefore, State Farm is unable to show any harm from the allegedly missing comments in the first instance. *See White Budd,* 798 S.W.2d ·at 818; *see also* TEX.R.APP.P. 74(f), 81(b)(1).

■ State Farm cannot show error requiring reversal in the second instance because the point of error it wishes to bring was not preserved for our review. *See* TEX.R.APP. P. 52(a). To preserve a complaint against the jury charge, the complaining party must object and receive an adverse ruling from the

---

8. The trial court recognized this legal principle in its third conclusion of law.

trial court. *Hernandez v. Montgomery Ward & Co.,* 652 S.W.2d 923, 924–25 (Tex. 1983); *Kirkpatrick v. Memorial Hosp. of Garland,* 862 S.W.2d 762, 769 (Tex.App.—Dallas 1993, writ denied); *see* TEX.R. CIV.P. 272. Kassabian admitted at the abatement hearing that he did not receive a ruling on his objection from the trial court. Therefore, State Farm did not preserve its complaint and any error that might have occurred is necessarily harmless. *See White Budd,* 798 S.W.2d at 818; *see also* TEX.R.APP.P. 81(b)(1).

State Farm's motion to strike and to reverse this cause is denied. Both State Farm and Vandiver are ordered to file amended briefs within thirty days of this opinion to provide citation to the supplemental statement of facts, to the trial court's findings of fact and conclusions of law, and to the statement of facts from the abatement hearing, as may be appropriate.