TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00079-CV






Rhonda Heimendinger, Appellant



v.



Texas Department of Protective and Regulatory Services, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 95-04178, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING






 After a jury trial in July 1996, the trial court terminated appellant Rhonda
Heimendinger's parental rights to her five children. In one issue, appellant appeals the trial
court's decree of termination, contending that the court reporter failed to file a full and complete
record of the proceedings, thereby violating her due process rights. We will affirm the decree of
termination.


DISCUSSION


 Appellant does not challenge the sufficiency of the evidence supporting termination
or lodge any complaint concerning the conduct of the trial, the charge given the jury, or the
judgment rendered by the trial court. She does not suggest any error committed by the trial court. 
Appellant complains only that the court reporter did not record and transcribe voir dire, closing
arguments, and objections, rulings, and other communications at the bench, and she argues that
the incomplete record precludes a fair and reasonable appellate review of the trial. The record
does not contain an oral instruction from the trial court directing the reporter to record these
portions of the proceedings. Both appellant's trial counsel (1) and trial counsel for the Texas
Department of Protective and Regulatory Services ("DPRS") filed affidavits with this Court in
which they stated that neither party requested the court reporter to transcribe voir dire, bench
discussions, or closing arguments. Appellant relies on her trial counsel's assertion that there was
no need to make a request because the court reporter appeared to be "actively transcribing" at
every stage of the trial. See State Farm Fire & Cas. Ins. Co. v. Vandiver, 941 S.W.2d 343, 347
(Tex. App.--Waco 1997, no writ) (attorneys acted reasonably when they believed court reporter
was contemporaneously recording testimony when he sat by the stenographic machine and moved
his fingers over the keys).

 The Family Code, which governs the procedure for contested hearings in suits
affecting the parent-child relationship, (2) provides: "A record shall be made as in civil cases
generally unless waived by the parties with the consent of the court." Tex. Fam. Code Ann.
§ 105.003(c) (West 1996); see also Tex. Gov't Code Ann. § 52.046(a) (West 1998); Tex. R. App.
P. 13. The Texas Supreme Court has interpreted the Family Code provision to mean that "all oral
testimony must be recorded." Stubbs v. Stubbs, 685 S.W.2d 643, 645 (Tex. 1985) (emphasis
added). (3) Contrary to appellant's argument, the supreme court did not hold in Stubbs that the court
reporter is required to record all portions of a trial in a suit affecting the parent-child relationship. 
Here, the court reporter provided six volumes of oral testimony and appellant does not contend
that the court reporter failed to record or transcribe any portion of the actual testimony and
evidence presented to the jury. Accordingly, appellant cannot demonstrate that the missing parts
of the reporter's record constitute error on the face of the record.

 Furthermore, appellant does not allege any error in the portions of the record that
were recorded and transcribed, which include opening statements, the testimonial evidence of
twenty-six witnesses, court rulings and proceedings held in open court outside the presence of the
jury, a discussion concerning the parameters of closing arguments, and objections to the charge. 
Neither appellant nor her trial counsel allege or even suggest that any harmful error was
committed during the unrecorded proceedings. See Vandiver, 941 S.W.2d at 350. (4) Appellant
makes only general arguments concerning what might be found in the missing parts of the record;
she does not in any way document that anything pertinent to the appeal took place at the
unrecorded bench conferences. For example, she argues that she cannot claim there was error in
the jury selection without a transcript of the voir dire; that she cannot determine whether there was
any error and whether that error was cured in the closing arguments without the transcript of
closing arguments; and that she cannot determine if there was any error in the court's rulings on
objections because the objections, arguments of counsel, and court's rulings were made at the
bench and were not transcribed. We recognize that appellant's counsel on appeal does not have
first-hand knowledge of what transpired at trial during, for example, the bench discussions. She
could have, however, reviewed the record to see what testimonial evidence was presented after
an objection followed by a bench discussion and presented arguments that the testimony was
improperly admitted over objection.

 Appellant has the burden to present a complete record to the court of appeals and
to show that any missing portions of the record are necessary to the resolution of her appeal. See
Tex. R. App. P. 34.6(f); (5) Issac v. State, No. 1106-98, slip op. at 5-6 (Tex. Crim. App. April 14,
1999). She has not met this burden. See Henning v. Henning, 889 S.W.2d 611, 613 (Tex.
App.--Houston [14th Dist.] 1994, writ denied). Accordingly, appellant's sole issue is overruled.


CONCLUSION


 The decree of termination is affirmed.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: May 6, 1999

Do Not Publish
1. Appellant is represented on appeal by a different attorney.
2. See Tex. R. Civ. P. 308a.
3. In Stubbs, the supreme court cites to former Family Code section 11.14. See Stubbs v.
Stubbs, 685 S.W.2d 643, 645 (Tex. 1985). Section 11.14 was repealed and recodified as section
105.003. See Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113, 131. 
4. Although Vandiver indicates that a new trial may be necessary when the appellant cannot
obtain a proper record of evidence despite due diligence, it declined to reverse for a new trial
based on the reporter's failure to record counsel's discussion with the trial court and the court's
complete instructions to the jury, absent a showing of harm from the missing portions. See State
Farm Fire & Cas. Ins. Co. v. Vandiver, 941 S.W.2d 343, 350 (Tex. App.--Waco 1997, no writ).
5. This burden remains with an appellant even in a capital murder death penalty case. See
Moore v. State, No. 72,638, slip op. at 15-16 (Tex. Crim. App. April 21, 1999).




§ 105.003(c) (West 1996); see also Tex. Gov't Code Ann. § 52.046(a) (West 1998); Tex. R. App.
P. 13. The Texas Supreme Court has interpreted the Family Code provision to mean that "all oral
testimony must be recorded." Stubbs v. Stubbs, 685 S.W.2d 643, 645 (Tex. 1985) (emphasis
added). (3) Contrary to appellant's argument, the supreme court did not hold in Stubbs that the court
reporter is required to record all portions of a trial in a suit affecting the parent-child relationship. 
Here, the court reporter provided six volumes of oral testimony and appellant does not contend
that the court reporter failed to record or transcribe any portion of the actual testimony and
evidence presented to the jury. Accordingly, appellant cannot demonstrate that the missing parts
of the reporter's record constitute error on the face of the record.

 Furthermore, appellant does not allege any error in the portions of the record that
were recorded and transcribed, which include opening statements, the testimonial evidence of
twenty-six witnesses, court rulings and proceedings held in open court outside the presence of the
jury, a discussion concerning the parameters of closing argu